McCay, Judge.
The Revised Code, section 2200, says: “Analogous to the right of eminent domain, is the power, from necessity, vested in corporate authorities of cities and towns and counties to interfere with, and some times to destroy, the private property of the citizens for the public good, such as the destruction of houses to prevent the spread of a conflagration, or the taking possession of buildings to prevent the spread of contagious diseases. In all such cases, any damages accruing to the owner from such acts, and which would not otherwise have been sustained, must be paid by such corporation.”
It is argued that a corporation is only liable for houses and buildings it may destroy, under this section of the Code, and that damages are not recoverable for personal property, whether in the house or not, and that none but the owner of the house can sue. But we think this is not a fair criticism upon the language used, and would, if adopted, be not only unjust to the citizen whose property is destroyed, but would be a limitation on the power of a town, city or county, often seriously hurtful. Suppose a fire is about to reach a board-yard, or a lot of loosely packed cotton, or a quantity of any other combustible material, classed -as personal property, must' the flames be permitted to go on because the public dare not treat this trumpery stuff as it might a man’s house — his castle — the home of his family?
The law is broad enough to cover any kind of property, ^personal or real. The first words used are, “the private property of the citizen.” This is very comprehensive language. Section 5 of the Code says, “property” means, in the Code, “real or personal property.” The after language, in which the more limited words, as houses and buildings, are used, merely gives instances. 'The words are, “such as houses,” etc. So, too, the use of the word “owner” ■ has plain reference to the owner of the property damaged.
We shall not undertake to go over this evidence and weigh it. The jury of the vicinage has done that, and the Judge has refused to interfere, with it, nor will we. The evidence is conflicting, and in such cases we have neither the wish nor the right to interfere.
Judgment affirmed.