THE ROME GAS-LIGHT COMPANY *vs.* MEYERHARDT.

61  287
120  762

1. Whether a purchaser of land through which a gas company had run its pipes, by consent of a former owner, took subject to the easement or not, depends upon whether he had notice thereof at the time of purchase, or had notice of facts sufficient to put a reasonable man on inquiry.

2. The decree in this case substantially corresponds with the verdict.

Easements. Notice. Decrees. Before Judge McCUTCHEN. Floyd Superior Court. January Term, 1878.

Meyerhardt and wife filed their bill against the Rome Gas-Light Company. They alleged that they were the owners of two lots in the city of Rome; that defendant had unlawfully, and without their knowledge or consent, run its pipes across these lots; that they had erected valuable improvements, and in excavating a cellar had found one of defendant's pipes, which was put together in sections, so that it was liable to break and do irreparable damage if the dirt was dug from under it. They claimed the right to complete their cellar, and prayed an injunction to restrain defendant from using the pipe or pipes. By amendment Meyerhardt was stricken, and the suit proceeded in the name of his wife.

The answer set up the defense that defendant had laid its pipes before the complainant bought; that there was then an alley between the lots, and along this they laid their pipes with the consent of the owners of the two lots; that Meyerhardt was the real owner of the land, and he bought with notice.

On the trial, the evidence in regard to notice was conflicting. The jury found for complainant. Defendant moved for a new trial on the following among other grounds:

1. Because the court erred in charging as follows: " If defendant had a verbal license from any former owner of the lots in question to locate and use its gas pipe on or through said lots, or either of them, and if defendant, in pursuance of such license, expended money or incurred ex-

pense in preparing for the use and enjoyment of such ease-
ment, then such license would be irrevocable.  But if com-
plainant, D. J. Meyerhardt, afterwards became the owner
of said lots by conveyance from or under such former
owner, and if said Meyerhardt was a *bona fide* purchaser
of said lots for value, and without notice of defendant's said
easement, or of the fact that the gas pipes were located on,
or through, said lots, then complainant would be protected
against defendant's claim of easement.  Meyerhardt's rights
in this respect would depend upon the question whether or
not he had notice at the time he purchased and took a con-
veyance to the lots.  Notice to him after that time would
not affect his rights under a purchase that was complete
before notice.

"If a person has notice of any fact which would put
a prudent man on inquiry, then the notice of the existence
of such fact would charge such person with notice of what-
ever he would have discovered, if he had prosecuted such
inquiry with reasonable diligence."

2. Because the decree does not follow the verdict.

3. Because the verdict was contrary to law and evidence.

The motion was overruled, and defendant excepted.  For
the other facts, see the decision.

JOEL BRANHAM; C. ROWELL, for plaintiff in error, cited
as follows: On verdict, 14 *Ga.*, 121; 55 *Ib.*, 667; 2 *Ib.*,
420; Code, §§3224, 3002; 20 *Ib.*, 126-134; 5 *Ib.*, 576.  On
decree, Code, §§3559, 4212; 45 *Ga.*, 189; 57 *Ib.*, 269, 466;
46 *Ib.*, 383; 58 *Ib.*, 275.  On easement, 51 *Ga.*, 578; 46
*Ib.*, 19; 3 *Kelly*, 83; 12 *Ga.*, 243; 18 N. Y., 48; 45 *Ga.*,
331; 7 *Ib.*, 353; 28 *Ib.*, 589; 21 N. Y., 505; 47 *Ib.*, 73; 18
N. J. Eq., 260; 34 Mo., 1; Wash. on Eas., §§25, 27, 97; 40
E. L. & Eq. R., 411; Ang. on Water-Courses, (6 Ed.) 510,
304, 204, 298, 271; 15 Am. R., 484; 6 Law Reporter, 424;
Brown on Stat. of Frauds, (3 Ed.) 31; Wood on Nuisances,
444; 37 N. Y., 637.  Notice, 4 Penn. St., 173; 2 Tudor &
White's L. C., (3 Ed.) 141, 154; 2 Smith's L. C., 384; 48 *Ga.*,

585; 53 *Ib.*, 581; 26 *Ib.*, 133; 2 Am. L. C., 770; 27 U. S. Dig., 623. Easement by prescription, Code, §1951; 47 *Ga.*, 269; 33 *Ib.*, 242; 37 Vt., 304; 29 *Ib.*, 43-52: 6 Met., 337. On amendment, 3 *Kelly*, 310; 28 *Ga.*, 61; 11 *Ib.*, 541; 27 *Ib.*, 54; 1 Eden on Inj., 133 and note; 1 Johns. Ch., 433, 1 Paige, 424; 1 Dan. Ch. Pr., 414.

FORSYTH & REESE; WRIGHT & FEATHERSTON, for defendant, cited (on necessity for notice,) 10 Conn., 275; 2 Am. L. C., (5 Ed.) 540.

WARNER, Chief Justice.

This was a bill filed by the complainant against the defendant, with a prayer for an injunction upon the allegations contained therein, to restrain it from using its gas pipes on certain described premises, for conveying or passing its gas from its gas works to Broad street, or for any like purpose, forever. On the trial of the cause, the jury, under the charge of the court, found the following verdict: "We, the jury, find for the complainant, in that the defendant remove the pipe at its own expense within ninety days, making the walls good, finding no damage." A motion was made for a new trial on the grounds therein stated, which was overruled, and the defendant excepted.

The court entered a decree upon the verdict of the jury, to the effect that the defendant be allowed ninety days within which it may remove from the complainant's premises, if it should desire to do so, its main gas pipe, provided it can remove the same without permanent injury to the buildings thereon, and shall, at its own expense, fully restore and repair all damage and injury that may be done to the walls of the buildings, if any, by such removal, and that after ninety days from this date, that the defendant be forever enjoined from using said gas pipe for conveying gas, or for any other purpose, on or through the defendant's premises. This decree is also excepted to as erroneous by the defendant.

The court charged the jury as follows:

"If defendant had a verbal license from any former owner of the lots in question, to locate and use its gas pipe, on, or through said lots, or either of them, and if defendant, in pursuance of such license, expended money or incurred expense in preparing for the use and enjoyment of such easement, then such license would be irrevocable. But if complainant, D. J. Meyerhardt, afterwards became the owner of said lots by conveyance from or under such former owner, and if said Meyerhardt was a *bona fide* purchaser of said lots for value, and without notice of defendant's said easement, or of the fact that the gas pipes were located on or through said lots, then complainant would be protected against defendant's claim of easement. Meyerhardt's rights in this respect would depend upon the question whether or not he had notice at the time he purchased and took a conveyance to the lots. Notice to him after that time would not affect his rights under a purchase that was complete before notice.

"If a person has notice of any fact which would put a prudent man on inquiry, then the notice of the existence of such fact would charge such person with notice of whatever he would have discovered if he had prosecuted such inquiry with reasonable diligence."

In view of the evidence contained in the record, we find no error in the charge of the court to the jury, nor in overruling the defendant's motion for a new trial. The theory and legal effect of the verdict, as understood by the court below, appears to have been, that the jury in finding for the complainant intended to find that the defendant should be enjoined from using its gas pipes on the complainant's premises, but should have the privilege of removing the same therefrom within ninety days, at its own expense, without injury to the walls. The privilege of removing the gas pipe from the complainant's premises within ninety days, was intended for the defendant's benefit, but if it should not think proper to avail itself of that privilege

within ninety days, then after the expiration of that time, inasmuch as the jury found in favor of the complainant, the legal intendment of that finding was in favor of the complainant's prayer for an injunction. In our judgment, the decree substantially carries into effect the intention of the jury as expressed in their verdict, though somewhat vaguely expressed.

Let the judgment of the court below be affirmed.