## KICKLIGHTER vs. ROSENTHAL & FOX.

A deed of record described the lot conveyed as follows: "Situated on the corner of Pine and Peachtree streets, commencing on Pine and running north ninety-three feet on Peachtree street; thence west two hundred feet to a ten-foot alley; thence south ninety-three feet to Pine street; thence along the north of Pine street to the beginning, containing one-half acre." On a bill to prevent the closing, by subsequent purchasers of adjoining lands, of a portion of the alley claimed to lie beyond the lot of complainant, the evidence was conflicting as to whether or not complainant bought the lot with reference to a map on which the alley was marked as running through from Pine street to a certain avenue seventy feet in width:

*Held*, that the deed of complainant did not give notice of any right to an easement in an alley through the entire tract, but only to the use of an alley running along her lot from Pine street north, the width of her lot. Nor was there any other evidence of notice, and the injunction was properly refused.

January 21, 1885.

Streets and Alleys. Notice. Title. Easements. Injunction. Before Judge HAMMOND. Fulton County. At Chambers. June 28, 1884.

Reported in the decision.

CANDLER, THOMSON & CANDLER, for plaintiff in error.

HOPKINS & GLENN, for defendants.

BLANDFORD, Justice.

The plaintiff filed her bill against defendants, praying an injunction, and the following facts appeared: C. W. Hunnicutt was the owner of a certain tract of land in Atlanta; he caused a survey and map of the same to be made, and placed the same in the hands of Geo. W. Adair, a real estate agent, to be sold at public outcry; by the map, the tract was cut up into several lots, and a ten-foot alley was left through the entire tract from Pine street to

a certain avenue seventy feet wide. The property was offered for sale, but not selling for enough, the same was withdrawn. Afterwards Hunnicutt sold a certain lot, number one, to Mr. Kicklighter, and a deed was made by Hunnicutt to Mrs. Kicklighter to this lot, and the deed described the lot as situated on the corner of Pine and Peachtree streets, commencing on Pine and running north ninety-three feet on Peachtree street; thence west two hundred feet to a ten-foot alley; thence south ninety-three feet to Pine street; thence along the north of Pine street to the beginning, containing one-half acre. The evidence of the plaintiff tends to show that she purchased this property with reference to the map before alluded to, while the evidence of defendants is to the contrary.*  The plaintiff's deed was recorded.

Defendants answered the bill, and denied that they had any notice of any claim of plaintiff to an easement or right to an alley-way through the entire tract, but only to the use of the alley running along her lot from Pine street north the distance or width of her lot; that they purchased the balance of said tract after Mrs. Kicklighter's purchase without any notice of her claim other than that stated in her deed from Hunnicutt, nor does the record show any other notice to defendants than what is contained in Mrs. Kicklighter's deed.

We cannot say, from the facts set forth in this record, that defendants had notice of plaintiff's claim to use an alley-way through the entire tract, nor are there sufficient facts shown to be within the knowledge of defendants to charge them with notice of such claim of plaintiff, even if such claim did exist.

What notice did the defendants have? They knew from her deed from Hunnicutt that she was entitled to use an alley-way ten feet wide across the back of plaintiff's lot.

---

*The object of the bill was to enjoin the obstruction of the alley by buildings, which defendants were preparing to erect, at a point beyond the line of complainant's lot.

They also knew this to be so from their own deed from Hunnicutt to the tract which they purchased from him, but there is no fact or proof to show that they had any knowledge of plaintiff's claim to the use of an alley-way through the entire tract from Pine street to the seventy feet avenue, and nothing to put them on notice or inquiry before their purchase from Hunnicutt. 61 *Ga.*, 287. Under these circumstances, the defendants' claim is good, and the plaintiff can only claim what is covered by her deed.

The court having refused the injunction, which is in accordance with these views, this decree is affirmed.

Judgment affirmed.