THE MAYOR, etc. OF AMERICUS vs. MITCHELL.

1. Under the charter and ordinances of the city of Americus, the mayor and council, upon the recommendation of the board of health, have full power in a summary manner to abate a nuisance. It is for them to determine, upon the report of the board of health, whether a mill-pond is a nuisance which affects the health of the community; and if so, they may abate it in a summary manner. But when the municipal authorities proceed thus summarily, they do so at their peril, and if the owner can establish the fact that the pond was not a nuisance, he may recover from the municipality the damages which he has sustained.

2. Where the municipal authorities condemned a mill-pond as a nuisance, and the owner of the pond filed a bill to enjoin them from destroying it, denying that it was a nuisance; but before the bill was filed or the temporary restraining order granted, the dam was washed away by a flood and the pond destroyed, it was error to grant an injunction.

March 3, 1888.

Municipal Corporations. Americus. Nuisance. Damages. Equity. Before Judge RICHARD H. CLARK. Sumter County. At Chambers, August 17, 1887.

Reported in the decision.

B. P. HOLLIS; E. A. HAWKINS, for plaintiffs in error.

E. G. SIMMONS, for defendant.

SIMMONS, Justice.

Benjamin C. Mitchell filed his bill for injunction and relief, in the superior court of Sumter county, against the mayor and aldermen and city marshal of Americus. In

the bill he alleged that he was the owner of a certain mill in the city of Americus, and the pond used in operating the same, which pond the defendants had condemned as a nuisance, and were proceeding to destroy ; he alleged that it was not a nuisance, and prayed that the defendants be perpetually enjoined from further proceeding to execute their said judgment and from in any manner interfering with said pond and mill property. This bill was filed on the 4th of August, 1887. On the 3d of August a restraining order was granted by the court. The defendants answered, alleging among other things that, since the judgment of the mayor and aldermen condemning the pond as a nuisance and before the filing of the complainant's bill, to-wit, on the night of August 2d, 1887, the mill-pond was swept away by rain and the dam almost entirely destroyed ; as effectually abating the nuisance, if such it was, as the judgment of any court could have abated it. This allegation was supported by affidavits, and was not denied by the complainant. The answer further alleged that the pond was a nuisance, injurious to the health of the city. It appeared both from the bill and the answer, and from the evidence submitted, that this pond was condemned as a nuisance upon the recommendation of the board of health of the city of Americus. On the 17th of August, 1887, the court granted an injunction "restraining the defendants from executing their judgment declaring the mill-pond a nuisance, . . which injunction shall be dissolved when the municipality of Americus shall execute to complainant a bond with good security, conditioned to pay him all damages which he may sustain by reason of the execution of said judgment." To this the defendants excepted.

1. We think the court erred in granting the injunction for two reasons : (1) Under the charter and ordinances of the city of Americus, the mayor and council, upon the recommendation of the board of health, have full power, in summary manner, to abate nuisances. It is for the mayor

and council to determine, upon the report of the board of health, whether it is a nuisance or not; and if they came to the conclusion that the mill-pond was a nuisance which affected the health of the community, they had a right to abate it in a summary manner. Whenever the city authorities proceed in the summary manner authorized by their charter, they do so at their peril. The owner of the pond in this case would not have been remediless at law. He would have had a right, in a suit at law, to establish, if he could, that the pond was not a nuisance; and if he could show that to the satisfaction of the jury, he would be entitled to such damages as he sustained by the summary action of the city authorities. It would be a great wrong upon the people living in crowded cities to hold that, in every case of nuisance, affecting perhaps the lives of hundreds or thousands of the inhabitants, the city authorities would have to go through a long and tedious trial before a court and jury, before they could abate or abolish the nuisance. But, as said before, when they do act, they must be certain that they are right and that the thing abated is a nuisance, or they will subject the municipality to damages.

2. It appears that this action of the city authorities condemning the pond as a nuisance took place on the 25th of July, 1887, and that on the night of the 2d of August, 1887, the dam of the mill-pond was washed away by a flood; that on the 3d of August the temporary restraining order was granted, and on the 17th of August the judge granted the permanent injunction. At the time this first restraining order was granted, and when the permanent injunction was granted, the nuisance had already been abated by the floods washing away the dam, and there was, therefore, nothing for the court to enjoin. The act contemplated by the city authorities had been consummated by nature, and not by the intervention of the officers of the city government. The mayor well said, when informed that the court had enjoined him from carrying out the order, that the

court had enjoined the wrong person, for the Almighty had already abated the nuisance.

This matter seems to have been in controversy between this complainant and the city authorities of Americus for many years. We would suggest that, in order to avoid difficulty of this kind in the future, the mayor and aldermen should adopt an ordinance, with the proper penalty, prohibiting any and all persons from ponding water or damming up running streams within the corporate limits of the city. We think that, under their charter, they have the power to adopt such an ordinance as this; and if they should do so, it would settle the long vexed question between them and this complainant.

Judgment reversed.