MCWILLIAMS *et al.* v. CITY OF ROME.

The evidence in this case sufficiently showed liability of the defendant municipality for the act of its superintendent of public works, in tearing down a wall and damaging property, to withstand a motion for a nonsuit.
DECEMBER 18, 1914.

Action for damages. Before Judge Wright. Floyd superior court. January 13, 1914.

*Sharp & Sharp* and *W. M. Henry,* for plaintiffs.
*Max Meyerhardt,* for defendant.

LUMPKIN, J. This is the second time that the present case has been before the Supreme Court. 138 *Ga.* 581 (75 S. E. 645). It was a suit against the City of Rome and one Worrell for damages for illegally tearing down a wall of a building, and for negligence in the manner in which it was done, causing injury to the property of the plaintiff. It was dismissed as to Worrell, and proceeded as to the city. There was evidence tending to show the tort and damage. The only question was whether the city was liable for the conduct of Worrell, who had the actual work done. "Where a city has authority to do an act, performance in an irregular way, or by a different instrumentality from that prescribed, will not prevent liability from attaching." *Langley* v. *City Council of Augusta,* 118 *Ga.* 590, 597 (45 S. E. 486, 98 Am. St. R. 133). A city is not liable for the exercise of its legislative or judicial powers, but is liable for the improper or unskillful performance of ministerial duties. Civil Code (1910), § 897. The declaration in section 893, that a municipal corporation is not liable for the torts

"of policemen or other officers engaged in the discharge of the duties imposed on them by law," does not refer to all officers whatsoever.  Otherwise it would be in direct conflict with the section just above cited, since a city can only perform ministerial functions through some officer or agent.  Section 893 was codified from *Cook* v. *Mayor &c. of Macon,* 54 *Ga.* 468, and *Wilson* v. *Mayor &c. of Macon,* 88 *Ga.* 455 (14 S. E. 710).  Both of these were cases of public officials exercising functions as quasi State officials, or, as it is sometimes expressed, governmental functions.  And the officers referred to are of the same general character.

A wall abutting on or near by a public street may be torn down by the municipality if it is dangerous to the public.  But if this be done summarily, it is at the peril of the city.  If it is not in fact dangerous, the city will be liable.  *Mayor &c. of Americus* v. *Mitchell,* 79 *Ga.* 807 (5 S. E. 201); *Dunbar* v. *City Council of Augusta,* 90 *Ga.* 390 (17 S. E. 907); *Mayor &c. of Savannah* v. *Mulligan,* 95 *Ga.* 323 (22 S. E. 21, 29 L. R. A. 303, 51 Am. St. R. 86).

The evidence tended to show, that Worrell was the superintendent of public works of the city, one of whose duties it was to inspect all buildings and walls located on the streets and alleys; that without his leave no building or structure of any kind could be erected or repaired; and that he had direct supervision of all such buildings or repairs, and it was his duty to see that the ordinances of the city relative thereto were complied with.  The ordinance directed a report of his investigation to the mayor and council, and a notice and hearing, and declared that if a wall were condemned, and the owner failed to tear it down after notice, they should have it done. But having entrusted the general subject to the superintendent of public works, if he acted summarily and without a hearing, it could not be declared as matter of law, under the evidence, that the city was free from liability.  The evidence tended to show that there had been a fire, and the owner made a contract for rebuilding, and obtained a permit; that Worrell went to the place, with the "city gang" of laborers and a traction engine, and accompanied by police officers to keep back the crowd, and over objection, by means of ropes and the engine, threw the walls down, causing damage.  From the evidence the jury might have found that the wall was not immediately dangerous, that the act was both wrongfully

and negligently done, and that the city was liable therefor. Under these facts, it was error to grant a nonsuit on the ground that the city was not liable.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*