## VANDEVENDER *v.* CITY OF ATLANTA.

FISH, C. J. 1. In a suit by the owner of certain household goods contained in a dwelling occupied by her as her residence in the City of Atlanta, against the City of Atlanta, for damages, founded on the acts of the firemen in blowing-up the house in which her goods were contained, and thereby destroying the goods in order to prevent the extension of a conflagration, the petition alleged, among other things, the following in substance: Plaintiff was prevented from removing her property from the house, by one of the men of the fire department of the city, who was exercising supervision and control, and exerting himself and the men under his direction to destroy property, and by that means to prevent the further spread of the fire. The city has a fire department, which department is vested by necessity, as by statute, in the corporate authorities of the City of Atlanta in the management of fires, and, included in such management, with the destruction of houses to prevent the extension of a conflagration. Such fire department, through its chief, is vested with all the aforesaid authority, with supreme control over the circumstances occurring on account of the conflagration, during the existence thereof. At the time plaintiff's

property was destroyed, the fire department and its chief were in charge of and undertaking the stoppage of the conflagration, and were causing houses to be destroyed by dynamite to prevent the spread of the fire, and it was in furtherance of such purpose that they took charge of the houses and property of the citizens, and it was in the exercise of this power that plaintiff was prevented from removing her property, as alleged in the petition. It is provided in the city code of Atlanta, among other things, that "The force of the fire department shall consist of the chief with foreman of each fire company as assistant." "The chief shall be present at all fires or alarms fully equipped and shall there have sole direction of the operation of the department." The petition further alleged that the fire chief was present at such fire, and that the actions complained of in this petition were done by his authority and by his agents, and for this reason done by the agents of the fire department and of the corporate authority of the City of Atlanta. *Held*, that the petition as amended sufficiently, as against a general demurrer, alleged that the act of the firemen in preventing the plaintiff from removing her property was with due authority from the City of Atlanta, within the meaning of the Civil Code (1910), § 1632, which is as follows: "Analogous to the right of eminent domain is the power from necessity, vested in corporate authorities of cities, towns, and counties, to interfere with and sometimes to destroy the private property of the citizen for the public good, such as the destruction of houses to prevent the extension of a conflagration, or the taking possession of buildings to prevent the spreading of contagious diseases. In all such cases, any damages accruing to the owner from such acts, and which would not otherwise have been sustained, must be paid by such corporation."

2. The petition alleged that at the time the plaintiff was prevented by the firemen from removing her property from the house she was prepared to remove it, and, except for the acts of the firemen in preventing her from doing so, she would have removed it and it would not have been destroyed; the plaintiff had sufficient wagons, automobiles and men on hand at the house, for the purpose of removing her property therefrom, for more than an hour before the house was blown up, which was ample time to have removed the property and prevented its destruction; but she was prevented from so removing it, and the house was blown up by the firemen for the purpose of stopping the spread of the conflagration, and her property became a total loss. *Held*, that under application of the provisions of the Civil Code, § 1632, quoted above, though the city had the right to destroy the property, it was liable in damages to the owner of the property for its value. *Bishop* v. *Macon*, 7 *Ga.* 200 (50 Am. D. 400); *President &c. of Dawson* v. *Kuttner*, 48 *Ga.* 133.

3. Inasmuch as the statute expressly provides that the city shall be liable for the damages caused by destroying property under the circumstances stated in the preceding notes, it is immaterial whether the city in destroying the property did so in the exercise of a governmental or ministerial function.

4. The petition as amended set forth a cause of action and should not have been dismissed on general demurrer. The foregoing rulings are made on questions certified to this court by the Court of Appeals.

*All the Justices concur.*

No. 1555. September 17, 1920.

Questions certified by Court of Appeals (Case No. 9977).

*Pettigrew & Jones,* for plaintiff.

*J. L. Mayson* and *J. M. Wood,* for defendant.