### 20595. MATHIS *v.* HOLCOMB *et al.*

MOBLEY, Justice. The plaintiffs filed their petition in the Superior Court of Rabun County in 1956, seeking to enjoin the defendant from interfering with their use of an alleged private way, extending along the northern boundary of their property in Tiger, and extending from the Clayton-Tallulah Falls public road to a house owned and occupied by the defendant. On the trial of the case, after the introduction of evidence by both parties, the defendant moved for a directed verdict. This motion was denied, and the case proceeded to a verdict and judgment permanently enjoining the defendant from the construction of any fence which would interfere with the use of the private way by the plaintiffs. The exception is to the judgment denying the defendant's motions for a judgment notwithstanding the verdict and for a new trial. *Held:*

1. The evidence showed that Jess Hopkins bought from Emory Blalock the land and built thereon the house now owned by the plaintiffs; that Blalock, who owned and occupied the house now owned and occupied by the defendant, gave Hopkins permission to build the alleged private way in question; that Hopkins built it at his own expense; and that Hopkins continued to use the alleged private way and to keep it in repair during the six or eight years he occupied the house now owned by the plaintiffs. "A parol license is primarily revocable at any time, if its revocation does no harm to the person to whom it has been granted; but is not revocable when the licensee has executed it and in so doing has incurred expense. In such case it becomes an easement running with the land." Code § 85-1404. "If the enjoyment of the parol license must be preceded necessarily by the expenditure of money, and the grantee incurred expense in executing it, it becomes an agree-

ment for a valuable consideration, and the licensee a purchaser for value." *Woodruff* v. *Bowers,* 165 *Ga.* 408 (1) (140 S. E. 844). See also *Mayor &c. of Macon* v. *Franklin,* 12 *Ga.* 239, 243; *Brantley* v. *Perry,* 120 *Ga.* 760 (48 S. E. 332); *Cherokee Mills* v. *Standard Cotton Mills,* 138 *Ga.* 856 (76 S. E. 273); and *Dickey* v. *Yarbrough,* 186 *Ga.* 120 (197 S. E. 234). Hopkins obtained an easement running with the land. Such easement passed with the dominant estate to each of his successors in title, including the plaintiffs, unless it be proved that the easement was forfeited or abandoned or that the successors in title to Emory Blalock, who granted the easement to Hopkins, took title to the servient estate with no notice, actual or constructive, of the existence of the easement. "It is true that to entitle the different possessions to be tacked so as to make out a prescriptive title to land, it is necessary to show succession in the possessions. But an easement, such as the one referred to, is an accessory to a tenement, and passes with it to a subsequent owner, both as against the proprietor of the servient land who granted the license, and against each successive proprietor . . . So that if the present owner of the dominant heritage can show that a former proprietor of the one which bears the servitude, granted the right to the easement, either by deed or by parol, which became irrevocable by reason of expenditures and improvements under it, and whereby such easement attaches as an appurtenant or accessory to the dominant tenement, he is not bound to connect his title or possession with that of the grantee of such easement. Such proof would charge the plaintiff's land with the servitude, as also it would establish it as a right attached to the land of defendant . . . The right to an easement may be lost by abandonment or forfeiture by non-user; but the forfeiture will not be incurred unless the non-user be for a period sufficient to raise the presumption of a release or abandonment. . ." *Winham* v. *McGuire,* 51 *Ga.* 578, 581 (2) (3). In this case, there is no evidence of abandonment or forfeiture by non-user. The evidence shows that the way was used and kept in repair by Hopkins and his successors in title, including the plaintiffs, down to the time this suit was instituted. Even though there was evidence that the plaintiffs' house was not at all times occupied by the owners or their tenants, when the house was occupied the way was used; and the owners did not abandon or forfeit their ease-

ment through non-user simply by living elsewhere during a part of the year. "While it is the general rule that a bona fide purchaser of land without actual or constructive notice of the existence of an easement takes the title free of such a burden, and one buying land may ordinarily assume that there is no easement except such as may be shown of record. or by open and visible indication on the land itself, yet a purchaser will be charged with notice of an easement where an inspection of the premises would have readily revealed such physical facts as would have put him upon inquiry in the exercise of ordinary diligence." *Calhoun* v. *Ozburn,* 186 *Ga.* 569, 572 (5) (198 S. E. 706). See also *Rome Gas-Light Co.* v. *Meyerhardt,* 61 *Ga.* 287 (1). The evidence shows that the house now owned and occupied by the plaintiffs is located at the corner of the Clayton-Tallulah Falls public road and the alleged private way in question and that the entrance to the back yard at this house is on the alleged private way, and is used as a means of ingress and egress to the rear of the house. These facts are sufficient to have put the defendant upon inquiry as to what rights the owners of the house had in the road.

2. "Where evidence is admitted without objection, although it could have been rejected as not conforming to the allegations as laid, if it relates to the cause of action declared on it will be sufficient to uphold a verdict. In such cases our courts have repeatedly held that a party waives his objections to the pleadings by allowing such evidence to go to the jury without objection; the reason for this just rule in such a case evidently being that, had objection been made, the party tendering such evidence might have amended his pleadings so as to conform thereto. One of the principal functions of amendments is to conserve this right." *Columbia Fire Ins. Co. of Dayton, Ohio,* v. *Tatum,* 46 *Ga. App.* 475, 476 (4) (167 S. E. 911). See also *Haiman & Bro.* v. *Moses,* 39 *Ga.* 708 (3). Accordingly, where, as here, the plaintiffs in their petition rely on prescriptive title to the alleged private way, but on the trial of the case evidence establishing an easement running with the land in Hopkins, a predecessor in title of the plaintiffs, was admitted without objection, the petition could have been amended to make the pleadings conform to the evidence. Since the evidence related to the cause of action declared on, it is sufficient to support the verdict.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 15, 1959—DECIDED OCTOBER 13, 1959—
REHEARING DENIED NOVEMBER 4, 1959.

*Hammond Johnson, Jr.,* for plaintiff in error.
*John G. Davis,* contra.