## 30148. JORDAN v. COALSON et al.

GUNTER, Justice.

This appeal is from a judgment in favor of the appellees entered pursuant to the verdict of a jury. The appellant filed an action below against the appellees seeking to enjoin them from trespassing upon her property by using a road that she contended they had constructed across her property without her knowledge and consent. During a lengthy trial eleven witnesses testified for the appellant and thirteen witnesses testified for the appellees.

After a charge to the jury, about which there was no complaint in the trial court or here, the trial judge submitted five forms of verdict to the jury and instructed them to select one of them.

The jury selected verdict form 5 which read as follows: "We the jury find defendants have a parol license to the road." The trial judge then made the verdict the judgment of the court and described the road through which the defendants, appellees here, have a parol license.

The sole enumerated error is: "The court below erred in entering judgment against the appellant in that the verdict of the jury that the appellees had a parol license to use a roadway on appellant's property was not supported by the evidence and was manifestly contrary to the evidence."

We have reviewed the evidence and find that it supports the conclusion that the appellees purchased

property in reliance on appellant's grant of an oral license to use the road in dispute. The evidence also supports the conclusion that in relying upon the oral license the appellees expended money and labor improving the said road on the appellant's land.

The jury was charged Code § 85-1404: "A parol license is primarily revocable at any time, if its revocation does no harm to the person to whom it has been granted; but is not revocable when the licensee has executed it and in so doing has incurred expense. In such case it becomes an easement running with the land."

This court has most recently construed Code § 85-1404 in *Berolzheimer v. Taylor,* 230 Ga. 595 (198 SE2d 301) (1973). There this court held that the statute is operative only where there is an express oral license. The court held (p. 599): "Code § 85-1404 enunciates a principle which would appear to be based on equitable estoppel. Equitable estoppel is not susceptible of a precise definition. However, its purpose is to protect a party from loss. . . . It extends an executed parol license where expense has been incurred into an easement running with the land."

We find no error, and the judgment below must be affirmed.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JULY 14, 1975 — DECIDED OCTOBER 1, 1975.

*Robert J. Evans,* for appellant.