## 54551. PAIR DEVELOPMENT COMPANY, INC. v. CITY OF ATLANTA.

McMURRAY, Judge.

After the collapse or cave-in of an old sewer line on private property, the City of Atlanta, through its agents (construction crew and equipment), moved on the private property to repair the cave-in, remaining there from four to eight weeks. During that period of time two old garages (one building) were demolished by the city. The owner contends certain spray painting equipment was destroyed and other buildings on the property allegedly developed cracks and the basements of other buildings were flooded

due to the overflow of water to and from the sewer.

The owner of the property sued the City of Atlanta. In Count 1 it sought damages in the amount of $20,000 for just and adequate compensation for the wrongful taking of private property, resulting from the wrongful trespass thereon. In Count 2 it sought damages in the amount of $20,000 for the constitutional violation of plaintiff's rights in that the defendant took private property through damage in the amount of $20,000 for public purposes without first paying just and adequate compensation. In Count 3 petitioner alleged that the taking amounted to a nuisance for which it suffered damage in the amount of $20,000. Defendant city answered, denying the averments of the complaint (other than jurisdiction) and specifically pleaded the defense of governmental immunity in that the alleged acts were done by the defendant in the performance of governmental functions pursuant to the laws of the State of Georgia and valid ordinances of the city.

The case proceeded to trial and it was established that the sewer line had been constructed on plaintiff's property around 1923. The city had received a call informing them that a sewer line had apparently collapsed on the property. The city contends it informed the owner of the property thereof that a building thereon was about to collapse and that it was dangerous for the men to work in and about it. The city further contends that the owner advised them that it was all right to tear the building down, and it is undisputed that employees of the city did destroy portions of a concrete block building situated on plaintiff's property. This building was partially collapsed because of the sewer cave-in and was ultimately demolished by the city crews. A witness for the city testified that he knew the city had an easement for the sewer, but it was not recorded; and it was not in evidence in this case.

At the completion of the plaintiff's case he abandoned Count 3 which was the nuisance count, but contended that he was entitled to judgment for $20,000 on either Count 1 or 2, but not as to both. Thereupon, defendant moved for directed verdict as to both Counts 1 and 2 under the authority of *Johnson v. City of Atlanta,* 117 Ga. App. 586

(161 SE2d 399), contending that the evidence showed that the defendant was in the operation and functions of maintenance of its sewerage and drainage system, a governmental function, and under the doctrine of governmental immunity the city was not liable in this instance. The motion was sustained, and judgment was entered in favor of the defendant. Motion for new trial as amended was filed and denied, and plaintiff appeals. *Held:*

1. A municipal corporation shall not be liable for failure to perform, or for errors in performing, its legislative or judicial powers; but shall be liable for neglect to perform, or for improper or unskillful performance of its ministerial duties. See Code § 69-301. Generally, the decisions of this state have held that in the construction, installation and maintenance of a sewerage system, a municipality is performing a governmental function. *City Council of Augusta v. Cleveland,* 148 Ga. 734 (98 SE 345); *City Council of Augusta v. Williams,* 206 Ga. 558 (57 SE2d 593); *City of Rome v. Turk,* 235 Ga. 223, 224 (219 SE2d 97); *City Council of Augusta v. Williams,* 81 Ga. App. 132 (58 SE2d 208); *City of Douglas v. Cartrett,* 109 Ga. App. 683 (137 SE2d 358).

2. Further, if the owner of land shall dedicate a part of his property (by easement) or by his acts, and the same shall be used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he (or his successors in title) may not afterwards appropriate it to private purposes. Code § 85-410. Compare *Rome Gas-Light Co. v. Meyerhardt,* 61 Ga. 287; *Mathis v. Holcomb,* 215 Ga. 488, 490 (111 SE2d 50).

3. If the incident causing the damage is for a "public purpose," which is synonymous with "public use," it amounts to a taking under the Constitution (Code Ann. § 2-301; Art. I, Sec. III, Par. I, Const. of 1945) without just and adequate compensation being first paid if the city takes private property without first paying for it. *Sheppard v. City of Edison,* 161 Ga. 907 (132 SE 218); *Housing Authority of City of Atlanta v. Johnson,* 209 Ga. 560, 562 (74 SE2d 891); *Johnson v. City of Atlanta,* 117 Ga. App. 586, 588, supra.

4. Here the city was in the exercise of a governmental function as shown by the evidence. But the evidence also failed to show the extent of the easement, where the easement was located on the property, or the extent of the work in performing the governmental function. But in carrying out the function of repairing a sewer line which was washing out a hole, the city demolished private property of the plaintiff, albeit an issue of fact was created as to whether or not it was with permission of the owner. Under such cases as *City of Atlanta v. Green,* 67 Ga. 386; *Vandevender v. City of Atlanta,* 150 Ga. 443 (104 SE 227); *City of Atlanta v. Due,* 42 Ga. App. 797, 802 (157 SE 256); *City of Atlanta v. Minder,* 83 Ga. App. 295, 296 (2) (63 SE2d 420); and *City of Atlanta v. Kenny,* 83 Ga. App. 823 (2, 3) (64 SE2d 912), it was a jury issue for determination, even if the city entered the property to repair a sewer line as to whether or not in carrying out a governmental function it took the private property of the owner for public use in repairing the sewer.

5. The city may also be liable for trespass for which the plaintiff would be entitled to compensation for the taking or damaging of private property since it is not clear as to the location of the sewer easement or where the work allegedly occurred, etc. See *City of Rome v. Turk,* 235 Ga. 223, 226 (2), supra.

6. For all of the foregoing reasons the trial court erred in directing the verdict in favor of the defendant and entering judgment in accordance with the verdict.

*Judgment reversed. Bell, C. J., and Smith, J., concur.*

Argued September 21, 1977 — Decided November 14, 1977— Rehearing denied December 5, 1977 — ▮▮▮▮▮▮▮

*Wesley Williams,* for appellant.
*Ferrin Y. Mathews, J. M. Harris, Jr.,* for appellee.