## 58919. WATERS v. PERVIS.

SHULMAN, Judge.

Hoyt R. Waters (appellant-executrix' husband) brought suit against defendant for damages and expenses incurred as the result of defendant's discontinuance of a sewer line servicing Waters' property. Plaintiff alleged that he had acquired use of the sewer line (running from defendant's property to Waters' property) by virtue of a parol license agreement with defendant to use the line.

Plaintiff argued that his expenditures, made pursuant to the agreement, converted the parol license into an easement. In the alternative, plaintiff argued that by his continuous adverse use of the property he acquired a prescriptive easement over the use of the line and that, consequently, defendant's discontinuance of the line constituted a tortious act. (Shortly after this complaint was filed, Hoyt R. Waters died and his widow, appellant herein, was substituted as executrix.)

Defendant moved for summary judgment, contending that plaintiff had not set forth a claim evincing a prescriptive easement in the line and that any parol license agreement entered into with plaintiff was revocable at will. On appeal from the grant of defendant's motion for summary judgment, we reverse.

Code Ann. § 85-1404 provides: "A parol license is primarily revocable at any time, if its revocation does no harm to the person to whom it has been granted; but is not

revocable when the licensee has executed it and in so doing has incurred expense. In such case it becomes an easement running with the land."

"If the enjoyment of the parol license must be preceded necessarily by the expenditure of money, and the grantee incurred expense in executing it, it becomes an agreement for a valuable consideration, and the licensee a purchaser for value." *Woodruff v. Bowers,* 165 Ga. 408 (1) (140 SE 844). See also *Jordan v. Coalson,* 235 Ga. 326 (219 SE2d 439).

Appellant set forth facts showing that plaintiff-Hoyt Waters had agreed to pay and did, in fact, pay one-third of all expenses, maintenance, repairs and improvements upon the pumping station located on defendant's property, in exchange for the use of the sewer line. In view of the evidence showing that expenditures were made by plaintiff (see *Woodruff,* supra; and *Jordan,* supra), pursuant to the parties' parol license agreement, the license (thus converted into an easement) could not then be revocable at will.

Accordingly, the judgment of the trial court, which apparently found for defendant on the grounds that plaintiff failed to set forth a prima facie case for a prescriptive easement in the sewer line (see in this regard Code Ann. § 85-402) and did not address the issue of a conversion of the parol license into an irrevocable license (an easement running with the land), must be reversed.

*Judgment reversed. Deen, C. J., and Carley, J., concur.*

ARGUED NOVEMBER 6, 1979 — DECIDED JANUARY 11, 1980.

*George G. Chenggis,* for appellant.
*Sam G. Dettelbach,* for appellee.