A04A0165. BLAKE et al. v. RGL ASSOCIATES, INC.
(600 SE2d 765)

MILLER, Judge.

RGL Associates, Inc. (RGL) filed a complaint to enjoin John W. Blake and Brunswick Floors, Inc. (Blake) from interfering with RGL's right to access an adjacent highway from Blake's property. Both parties moved for summary judgment. The trial court denied Blake's motion and granted RGL's motion (and also granted RGL injunctive relief), on the ground that the parol license granted to RGL's predecessor in title by Blake became an easement running with the land, thus allowing RGL a permanent right-of-way. We agree and affirm.

1. In three enumerations, Blake argues that the trial court erred in denying his motion for summary judgment, granting RGL's motion for summary judgment, and granting RGL injunctive relief.

Summary judgment is proper when there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. OCGA § 9-11-56 (c). We apply a de novo standard of review to an appeal from a grant of summary judgment, and we view the evidence, and all reasonable conclusions and inferences drawn from it, in the

---

light most favorable to the nonmovant. *Matjoulis v. Integon Gen. Ins. Corp.*, 226 Ga. App. 459 (1) (486 SE2d 684) (1997).

So viewed, the evidence showed that Blake owned certain property and in 1986 orally granted the then adjacent landowner, ABC Home Health (ABC) (subsequently First American Home Health Care of Georgia, Inc.), a license to connect ABC's parking lot to Blake's property so as to provide an easy means of ingress and egress to an adjacent highway. Although Blake granted the license, it was revocable at any time. In 1986 or 1987, ABC made certain improvements to both its property and Blake's property and connected its parking lot to the road. In January 1999, RGL purchased the property from ABC. Six months later, Blake informed RGL that he was revoking its right to use the portion of his property that had been used by RGL as a means of ingress and egress to the highway.

RGL filed a complaint for injunctive relief, and both parties moved for summary judgment. The trial court granted RGL's motion for summary judgment, prompting this appeal by Blake.

Under OCGA § 44-9-4, "[a] parol license to use another's land is revocable at any time if its revocation does no harm to the person to whom it has been granted. A parol license is not revocable when the licensee has acted pursuant thereto and in so doing has incurred expense; in such case, it becomes an easement running with the land." See *Waters v. Pervis*, 153 Ga. App. 71-72 (264 SE2d 551) (1980). Here it is apparent that RGL's predecessor, ABC, made improvements and incurred expenses to connect its parking lot with Blake's land. Therefore, ABC obtained an easement running with the land, which passed from ABC to RGL. *Mathis v. Holcomb*, 215 Ga. 488, 489 (1) (111 SE2d 50) (1959). As there was no evidence that the easement was lost by abandonment or forfeiture, the trial court properly granted summary judgment to RGL and properly granted RGL the injunctive relief sought. See id.; see also *Cherokee Mills v. Standard Cotton Mills*, 138 Ga. 856, 861 (76 SE 373) (1912).

2. Blake argues that the trial court erred in considering hearsay testimony of RGL's president. In his affidavit, the president of RGL made statements that he was informed by a representative of ABC that RGL had a right to use the driveway across Blake's property. However, in light of our holding in Division 1, the statements in question are completely irrelevant to the conclusion that RGL obtained an easement as a matter of law based on the improvements ABC made to the property. See *Mathis*, supra, 215 Ga. at 489 (1). Even without consideration of the statements, the result is the same. RGL was properly granted summary judgment.

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED JUNE 8, 2004.

*Lee & MacMillan, Thomas J. Lee*, for appellants.
*William T. Ligon, Jr.*, for appellee.