WINHAM, KING & ALDRIDGE, plaintiffs in error, *vs.* GEORGE W. MCGUIRE, defendant in error.

1. To entitle different possessions to be tacked so as to make out the time required to establish a title by prescription to land, it is necessary to show that they are successive possessions. But this rule does not apply to the case of a claim to an easement on the land of another, arising out of the facts recited in the ensuing head-note of this syllabus.

2. A licensee who, under a parol license to enjoy an easement of a permanent nature upon the land of another, such as to back water by the erection of a mill dam, expends money and makes investments in pursuance thereof, is not liable to an action of trespass for erecting the dam either by the party giving the license or any subsequent owner of the land which is overflowed; nor is any subsequent owner or possessor of the mill and dam liable to an action for keeping up such dam.

3. The right to such an easement is not forfeited for non-user, unless it be for a period sufficient to raise the presumption of a release or abandonment.

4. The newly discovered evidence on the question of a parol license authorizes a new trial, and the jury can determine whether the terms of the license have been complied with.

Winham, King & Aldridge *vs.* McGuire.

Prescription. License. New trial. Newly discovered evidence.    Before Judge HARVEY.    Haralson county.    At Chambers.    May 19th, 1873.

George W. McGuire brought complaint against Winham, King & Aldridge, for $1,000 00 damages, alleged to have been sustained by him, through the overflowing of his land by water, caused by the erection of a mill-dam by the defendant.    The general issue was pleaded.

The evidence for the plaintiff made this case:

Plaintiff was damaged by the backing of the water caused by the mill-dam, between $30 00 and $100 00.    The dam was erected some twenty-five or twenty-eight years ago, and has been standing ever since, except perhaps for a short time during the war.

The evidence for the defendant showed that the dam was rather a benefit than otherwise to the plaintiff's land.

The court charged the jury on the subject of prescription as follows:

He first read to them section 2679 of the Code, and then said, in substance, as follows: That if the evidence showed that the defendants, and those under whom they claimed, have had the dam in use for as much as twenty consecutive years before the commencement of this suit, with claim of right to do so, in the manner described in the section of the Code, this would perfect by prescription the defendants' right to so use the dam to the same height as it had been during said twenty years; that the burden of making out such prescriptive title is on the defendants; that if the evidence shows that the defendants have abandoned it at any time during the twenty years, by ceasing to use or keep up the dam, this would create such a breach as would destroy the continuity of the possession, and destroy the prescriptive right; but that if the dam was washed away by freshets and rebuilt in a reasonable time thereafter, or if it was taken down for necessary repairs and again replaced within a reasonable time, such reasonable time would not amount to abandonment, and would not destroy

Winham, King & Aldridge *vs.* McGuire.

the continuity of possession as mentioned in the Code. That if the evidence showed that defendants have such prescriptive right, plaintiff would not be entitled to recover; that a prescriptive right to raise the dam to any particular height would prevent any recovery for the plaintiff, beyond the damages caused by exceeding such height.

The jury found for the plaintiff $50 00. The defendants moved for a new trial because the verdict was contrary to the evidence, the law, the charge of the court, and because of newly discovered evidence.

In support of the last ground was attached the affidavit of L. H. Davis, to the effect that he was in possession of the land on which the mill-dam was built, in the year 1848; that the land owned by the plaintiff was then owned by G. W. Parker; that in that year deponent and Parker entered into an agreement to the effect that deponent was to build said dam, and that when built it was to remain without limitation as to time, provided it did not put the water out of the banks at the mill "at a common stage of the water;" that deponent built the dam as high as he could under the provisions of this agreement.

Also the affidavits of Ephriam J. Newman and C. D. Lyner, to the effect that they had known the dam for at least twenty-five years, and that it had never been down except for repairs.

Also the affidavit of the defendant, Winham, to the effect that this evidence had been discovered since the trial.

The motion was overruled, and defendants excepted.

This case was tried before Judge McCutchen, at the September term, 1872, of Haralson superior court. The motion for new trial was heard before Judge Harvey, at chambers.

THOMSON & TURNER; W. BROCK, by COLLIER & COLLIER, for plaintiffs in error.

No appearance for defendant.

TRIPPE, Judge.

1. If money has been expended and investments made by reason of a parol license to an easement on the land of another, and for the enjóyment of the same, such as to back water by the erection of a mill-dam, the licensee is not liable to an action for damages for erecting the dam, either by the party giving the license or by any subsequent owner of the land which is overflowed. Nor is any subsequent owner of the mill and dam, or one who is in possession thereof, liable to an action for keeping up such dam: *Sheffield vs. Collier,* 3 *Georgia,* 82. In such a case, as was said in *Mayor, etc., of Macon vs. Franklin,* 12 *Georgia,* 239, the licensee occupies the position of a purchaser for value.

2. It is true that to entitle the different possessions to be tacked so as to make out a prescriptive title to land, it is necessary to show succession in the possessions. But an easement, such as the one referred to, is an accessory to a tenement, and passes with it to a subsequent owner, both as against the proprietor of the servient land who granted the license, and against each successive proprietor: Gale & Whatly on Easements, 7, 8, 354. So that if the present owner of the dominant heritage can show that a former proprietor of the one which bears the servitude, granted the right to the easement, either by deed or by parol, which became irrevocable by reason of expenditures and improvements under it, and whereby such easement attaches as an appurtenant or accessory to the dominant tenement, he is not bound to connect his title or possession with that of the grantee of such easement. Such proof would charge the plaintiff's land with the servitude, as also it would establish it as a right attached to the land of defendant. The same authority just quoted says, (page 6,) "considered with regard to the servient tenement, an easement is but a charge or obligation curtailing the ordinary rights of property; with regard to the dominant tenement, it is a right accessorial to these ordinary rights, *constituting, in both cases, a new quality impressed upon the respective heritages.*"

3. The right to an easement may be lost by abandonment or forfeited by non-user; but the forfeiture will not be incurred unless the non-user be for a period sufficient to raise the presumption of a release or abandonment: Rerick *vs.* Kern, 14 Serg. & R., 267; Moore *vs.* Rawson, 3 Barn. & Cr., 332; Liggins *vs.* Inge, 7 Bing., 693.

4. The motion for a new trial contains the affidavit of a former owner of this mill and dam, which states that he erected the dam some twenty-five years ago, in pursuance of an agreement with G. W. Parker, the then owner of plaintiff's land. One ground in the motion is this, as well as other newly discovered testimony. This testimony might materially affect the result of the case, under the principle stated with reference to a parol license. The affidavit does not state whether this "agreement" was in parol or not. From the terms used in other parts of the affidavit, it probably was. Plaintiff in error is entitled to the opportunity to use it. The other affidavits were on the question of non-user of the dam. Though probably not of themselves sufficient to authorize the granting a new trial, as evidence on both sides was introduced on that point of the same character, they yet add some force to the claim for another investigation of the case.

New trial granted.