## AINSLIE *v.* EASON & WATERS.

1. Where an owner of land, by a written instrument under seal, conveys to another the privilege of building a storehouse on the land, and agrees in such instrument that the grantee shall have "the use of the said property, free of rent, so long as he desires to use it," and that when such grantee and his successors fail to use it as a business-house then the grantee shall have the privilege of selling the house or removing it, and where the grantee, upon the faith of such conveyance, incurs expense in erecting such a house upon a lot designated by the owner for the purposes contemplated by the parties, the grantee thereby acquires an easement and such an interest in the property conveyed as is assignable by him and can not be revoked by the grantor.

2. The writing in question did not present such an ambiguity as would authorize the introduction of parol evidence to show that it was the intention of the grantor that the privilege conveyed by him should not be transferable.

3. As the written contract did not definitely locate the lot by number of feet or by metes and bounds, parol evidence was admissible to show what particular and exact lot was intended to be conveyed before the grantee had incurred any expense because of the privilege granted him. Even in the absence of such an agreement, the grantee would be entitled to the use of so much land adjacent to the building as was reasonably necessary to carry on his business in the house.

4. The issues in this case were fairly submitted to the jury by the court in its charge, and there was evidence to sustain the verdict.

Argued May 9, — Decided May 31, 1899.

Equitable petition. Before Judge Hart. Morgan superior court. September term, 1898.

*Foster & Butler*, for plaintiff.

*George & George*, for defendants.

Simmons, C. J. Ainslie and Almand entered into a written contract under seal, whereby Ainslie granted to Almand permission to erect a storehouse upon the land of Ainslie, and agreed that Almand should have the use of the property, free of rent, so long as he desired to use it, and that when Almand "and his successors" failed to use it as a business-house Almand should have the privilege of selling or removing the building. Relying upon this agreement, Almand erected a store upon the land and carried on his business therein for some time. Subsequently he conveyed his right or privilege to Eason & Waters, who succeeded him in the business and carried it on in the store he had erected. Subsequently to the agreement between Ainslee and Almand and subsequently to the erection of the building by the latter, the former sold his land to his wife. Mrs. Ainslee undertook to erect a fence around three sides of the store, but Eason & Waters interfered and prevented its erection by tearing down such parts of it as were put up. Mrs. Ainslee thereupon filed her equitable petition, praying an injunction against Eason & Waters to prevent their interference with the fence which she undertook to build. She claimed that the agreement entered into between her husband, her predecessor in title, and Almand, amounted only to a personal license, and that Almand had no right to assign it. She further claimed that Eason & Waters were trespassers upon her land, because when Almand sold his interest to them the license was thereby revoked.

1. The law is well settled that if a parol license is granted and the licensee, upon the faith of the license, incurs expense in labor or money, the license is no longer revocable at the option of the licensor. In the present case the expenditure of labor and money in erecting the building was a valuable consideration moving from the licensee, and when he executed the agreement it became an easement running with the land and was assignable by him to his successors in business in that store. Section 3069 of the Civil Code declares: "A parol license is primarily revocable at any time, if its revocation does no harm to the person to whom it has been granted; but is not revocable when the licensee has executed it and in so doing has incurred expense. In such case it becomes an easement running with the land." Warner, C. J., in the case of *Rawson* v. *Bell*, 46 *Ga.* 19, says, in discussing this question (p. 24): "If the parol agreement had been fully executed by both the parties to it in relation to the erection of the party wall, it would have created an easement which would have attached to and run with the land, and such would have been the legal effect of the agreement when fully executed by the parties to it." See also *Sheffield* v. *Collier*, 3 *Ga.* 82, where the question is ably and elaborately discussed by Lumpkin, J., and the case of *Southwestern R.* v. *Mitchell*, 69 *Ga.* 114. If this doctrine applies to parol licenses, it seems to us that it should apply with still greater strength to cases where the agreement or license is in writing and under seal. According to the code and the decisions above cited, when the contract is executed by both parties, such execution renders it an easement which runs with the land. Such a license, according to many authorities, is irrevocable, the licensor being estopped to revoke it, and becomes an easement. 13 Am. & Eng. Enc. L. 548. Whatever the reason may be for declaring it an easement, it is unnecessary here to discuss, as the code, which is now the statute law of this State, is express in its terms on this subject and provides that in such cases the license becomes an easement running with the land. Such privilege or easement is assignable; certainly in this case, where the written agreement includes Almand and his successors.

2. At the trial evidence was offered by the plaintiff to show that her predecessor in title did not intend that the privilege granted by him to Almand should be assignable. This was rejected by the court, and, we think, properly, because there was no ambiguity in the written instrument which would authorize the introduction of parol evidence as to this matter, and further because the evidence would have contradicted the writing. The agreement was made with Almand for the benefit of him and his successors, which evidently meant that he had a right to assign to his successors in the business of running the store. Otherwise the words "and his successors" would be without effect.

3. It will be observed from reading the agreement between the parties that it does not definitely locate the lot or designate the number of feet of land covered by it. The trial judge, over the objection of the plaintiff, allowed parol evidence to show what particular lot was understood and agreed upon by the parties at the time the agreement was entered into. There was no error in admitting this evidence. Without it the written contract could not be made to refer to any certain and definite lot of land. There was nothing in the writing to indicate definitely what land was intended, and it was certainly permissible to prove the understanding of the parties as to this matter and to show the exact location and size of the lot agreed upon by them before any expense was incurred by the licensee. Even had there been no such express understanding as to the exact size of the lot, but only an agreement as to the location of the building, we think that the licensee would be entitled to so much land, adjacent to the building, as would be reasonably necessary to carry on his business in the house. He was certainly entitled to the use of sufficient land for ingress and egress for himself and his customers, and for the delivery of goods to the store by wagons or drays, and for such other purposes as might be reasonably incident to the carrying on of his business, and would not therefore be limited to such land only as was actually covered by the building itself. The verdict of the jury gave the defendants but a small space in the rear and on the sides of the building, and we think that the

finding is amply sustained in this respect, not only by the evidence to which the plaintiff objected, but by the fact that the defendants were entitled to such land as was reasonably necessary to carry on their business.

4. The issues in this case were fairly and clearly submitted to the jury in the charge of the court, there was evidence to sustain the verdict, and the trial judge did not err in overruling the motion of the plaintiff for a new trial.

*Judgment affirmed.　　All the Justices concurring.*