## BRANTLEY *v.* PERRY.

Consent by the owner of the fee that an adjoining land proprietor may drain his land by cutting a ditch over the land of the one giving the consent creates a license. This license becomes irrevocable when the licensee, on the faith of the license, expends money and erects valuable improvements necessary to enjoy the license. The owner of the servient estate has no right to revoke his license after the licensee has executed it and in so doing has incurred expense. A purchaser of land who takes it with notice that it is burdened with an irrevocable license takes the estate subject to such easement, and is liable to the owner of the dominant estate for damages accruing from an obstruction of the easement.

Submitted June 13,—Decided July 19, 1904.

Action for damages. Before Judge Seabrook. Laurens superior court. November 3, 1903.

*Griner & Adams*, for plaintiff. *G. W. Williams*, for defendant

EVANS, J. The plaintiff in error complains that the court erred in sustaining a demurrer to a petition filed by him in the superior court of Laurens county. The petition alleged, substantially, that at one time A. I. Haines and M. W. Haines were the owners of a certain tract of land; that they sold petitioner a part of the tract; that a pond was located on the portion of the land purchased by the plaintiff, and that the said Haines consented for him to drain

the pond by digging a ditch across their land; that, acting on this consent, he dug the ditch and cleared the land covered by the pond, expending a large sum of money in this work. The petition further alleged, that after the plaintiff had expended this money in digging the ditch and clearing the land, the Haineses sold the balance of the land, which embraced the land traversed by the ditch, to the defendant, who had actual knowledge that the ditch was cut through the land purchased by him with the consent of his grantors; that the defendant had filled up the ditch and thrown up embankments, causing the water to pond on plaintiff's land, rendering the same unhealthy and preventing him from cultivating the land. The prayer was for damages and a decree affirming his right to drain his land by means of the ditch. To this petition the defendant filed a general and special demurrer. An amendment was allowed, to meet certain objections raised by some of the special grounds of the demurrer, and the court then sustained the demurrer to the petition as amended and dismissed the case.

It will be observed that plaintiff and defendant derived title from common grantors, viz. A. I. Haines and M. W. Haines. Plaintiff purchased first and cut the ditch with the consent of the owners of the land traversed by it before they sold to defendant. The consent of A. I. and M. W. Haines for plaintiff to drain his land across their land amounted to a license. Ordinarily, a license burdening real estate with a servitude is made by grant. It may be created by parol. When created by parol, the license is revocable unless the enjoyment of it is preceded necessarily by the expenditure of money and valuable improvements made in consequence of it. When the licensee, on the faith of a parol license from the owner of the fee, expends money and erects valuable and permanent improvements necessary to enjoy the license, he acquires an irrevocable right to all the privileges included in the license. *Sheffield* v. *Collier*, 3 *Ga.* 82; *Mayor of Macon* v. *Franklin*, 12 *Ga.* 239. The owner of a tenement, in licensing an adjoining land proprietor to enter upon his land to construct a ditch for draining the adjacent land of the licensee, consents to burdening his land with this servitude. If, on the faith of this consent, the ditch is dug and other permanent improvements are made, the license ripens into an easement. The owner of the

servient estate has no right to revoke his license after the licensee has executed it and in so doing has incurred expense. *City Council* v. *Burum*, 93 *Ga.* 74; *Southwestern R. R.* v. *Mitchell*, 69 *Ga.* 123. A purchaser of land who takes it with notice that it is burdened with an existing easement takes the estate subject to such easement. *Rome Gas Light Co.* v. *Meyerhardt*, 61 *Ga.* 287. The allegations of the petition sufficiently set out that the plaintiff is entitled to the easement of draining his land over the lands of the defendant, and the obstruction of the ditch and denial by defendant of the plaintiff's right to enjoy the easement gave him a cause of action. The court erred in sustaining the demurrer, and the judgment is

*Reversed.     All the Justices concur.*