## PLANTERS GIN COMPANY *v.* REA.

An owner of land sold a portion of it, and in his deed of conveyance reserved the right to use thirty feet on the eastern side of the property for the purpose of hauling logs and loading logs and lumber so long as he owned the remainder of the land and operated a sawmill on it, stipulating "that this right of use shall not interfere with the business of [the grantee] or his heirs or assigns in and to the property herein conveyed." The grantee sold the land, and his assignee was preparing to erect a house, claimed to be a necessary adjunct to his business, which would entirely obstruct the easement. The grantor, who had not sold his contiguous land and was still operating a sawmill, sought to enjoin the destruction of his easement. *Held:*

1. The covenant of easement ran with the land.
2. The restriction against interference with the business of the grantee or his assigns was but a limitation on the reasonable use by the grantor in the enjoyment of the easement, and did not permit the destruction of the easement by the building of a warehouse on the servient land, although such house may be useful in the conduct of the business of the grantee's assignee.
3. The evidence authorized the judgment rendered by the court without a jury, under an agreement of the parties.

April 11, 1917.

Equitable petition. Before W. M. Henry, judge pro hac vice. Walker superior court. February 25, 1916.

*Shattuck & Shattuck,* for plaintiff in error.

*Rosser & Shaw,* contra.

Evans, P. J.    J. H. B. Rea owned a lot of land composed of several small contiguous lots of a certain subdivision, in the City of LaFayette. He operated a sawmill which was located on the southern end of the consolidated lots. He sold and conveyed to J. D. McConnell a portion of the land off the north side of the whole lot, and the deed contained this reservation and covenant: "The said J. H. B. Rea retains the right of use of thirty feet off of the east end of all of said lots for the purpose of hauling logs and loading logs and lumber so long as he owns and runs machinery on the lots which he owns immediately south of the property herein conveyed, but if he should sell said lots the right of use to said thirty feet shall terminate; and it is further understood that this right of use can not be transferred to any other party, and also that this right of use shall not interfere with the business of J. D. McConnell, or his heirs or assigns, in and to the property herein conveyed." Afterwards McConnell conveyed the property to the Planters Gin Company, which was preparing to build a warehouse, which would extend entirely over the thirty feet of land on the eastern side of its lot. Rea had not sold the rest of the land, and was still operating his sawmill on it. He brought a petition to enjoin the obstruction of his easement. The case was tried on its merits before the judge, by consent of parties. On the conclusion of the evidence the court rendered a decree enjoining the construction of the warehouse. Exception was taken to this judgment.

1.    The predecessor in title of the plaintiff in error purchased his land burdened with an easement. The easement exists by virtue of a covenant in the deed, which runs with the land, and the ownership of the land by the plaintiff in error is subject to the easement. *Atlanta &c. Ry. Co.* v. *McKinney,* 124 *Ga.* 929 (53 S. E. 701, 6 L. R. A. (N. S.) 436, 110 Am. St. R. 215). The nature and extent of the easement are clearly defined. The defendant in error in his deed to McConnell reserved an easement of approach to his sawmill located on land south of that conveyed. This avenue of approach was to be thirty feet in width off the eastern side of the property conveyed. The use to which the servient land was subjected was the hauling of logs and loading of logs and lumber in connection with the operation by the grantor of his sawmill located on the southern end of the property adjacent to the part

which he conveyed. The right to use the servient land for this purpose was to continue so long as the grantor owned and operated the sawmill on that portion of the land he did not sell, and was to terminate either upon his sale of such portion or his discontinuance of the operation of his sawmill. The easement was not transferable, and the grantor was to exercise his rights thereunder so as not to interfere with the business of the grantee or his assigns. This did not mean that the grantee or his assigns might expand their business so as to build a warehouse on the land burdened with the easement, and thus entirely obstruct the approach to the grantor's sawmill. The limitation is upon the grantor's reasonable use of the easement, which was to be in such a manner as not to interfere with the business of the grantee or his assigns on the lot conveyed. To give to this language the interpretation claimed by the plaintiff in error is to impute to the grantor an intention to have his easement destroyed according to exigencies and growth of the business of the grantee or his assigns. The covenant indicates that the easement is not to be terminated except by sale of the grantor's contiguous land or the discontinuance of his sawmill operation therein. We think that the construction given to the covenant is the proper one, and the evidence authorized a decree enjoining the plaintiff in error against the construction of a warehouse, which would totally destroy the easement.

*Judgment affirmed. All the Justices concur.*