LEWIS MANUFACTURING COMPANY *v.* DAVIS & BRANDON.

FISH, C. J. 1. A ground of a motion for new trial complaining that the judge erred in excluding evidence must, in order to present any question for decision by the Supreme Court, set out either literally or in substance the evidence excluded; and reference in such defective ground to the brief of evidence for a more detailed statement of the evidence referred to will not cure the defect. Applying this rule to the fourth and fifth grounds of the amendment to the motion for new trial, it must be held that no question is there presented for adjudication.

2. The sixth ground of the motion, in so far as it sufficiently presents any question for determination, is without merit.

3. Under the facts of the case the court did not err in instructing the jury that "a person claiming to be the true owner of a tract of land can not prove the extent of the tract or its boundaries by declarations made by himself in his own interest."

4. This was an action for damages for trespass in the cutting of timber. It appears that on the trial the controlling point was whether title to the land from which the defendants cut and removed the timber was in the plaintiff or the defendants. There was a general verdict in favor of the defendants. It follows therefore that an error in an instruction to the jury as to the measure of damages would not require the grant of a new trial.

5. There was no merit in the remaining grounds of the motion for new trial.

6. The verdict was authorized by the evidence, and the refusal of a new trial was not error.    *Judgment affirmed. All the Justices concur.*
                              August 17, 1917.

Equitable petition. Before Judge Highsmith. Camden superior court. September 7, 1916.

*J. L. Sweat, J. T. Myers,* and *Parks & Reed,* for plaintiff.

*R. D. Meader* and *S. C. Townsend,* for defendants.