### WOODRUFF *v.* BOWERS.

HINES, J. 1. The petition set forth a cause of action, and was not subject to general demurrer. It is to be treated as setting up a parol agreement by which the plaintiff obtained from the defendant a license to enter upon his land and lay out and open thereon a street for the use of the plaintiff and the public, and in the execution of this license incurred expense, whereby the license ripened into an easement running with the land, and irrevocable. In these circumstances the plaintiff was in no sense a trespasser. *Sheffield* v. *Collier,* 3 *Ga.* 82; *Southwestern R.* v. *Mitchell,* 69 *Ga.* 114 (2-c); *Brantley* v. *Perry,* 120 *Ga.* 760 (48 S. E. 332); *Cherokee Mills* v. *Standard Cotton Mills,* 138 *Ga.* 856 (76 S. E. 373); Civil Code (1910), § 3645. If the enjoyment of the parol license must be preceded necessarily by the expenditure of money, and the grantee incurred expense in executing it, it becomes an agreement for a valuable consideration, and the licensee a purchaser for value. *Mayor &c. of Macon* v. *Franklin,* 12 *Ga.* 239, 243.

2. The grounds of special demurrer are without merit, and the court did not err in overruling them.

3. In the first special ground of the defendant's motion for new trial it is alleged that the court erred in not giving to the jury, in the language requested, the following instruction: "I charge you, gentlemen of the jury, that if the defendant and the plaintiff did not have a written contract, then, before a verbal contract would be binding on the parties, you must believe that the minds of the parties met, and that they consented and agreed to the same thing in the same way," and in lieu thereof giving the following charge: "I further charge you, gentlemen of the jury, that if the defendant and the plaintiff did not have a written contract, then, before a verbal contract would be binding on the parties—and it is not insisted in this case that there was a written contract,—you must believe that the minds of the parties met, and that they consented and agreed to the same thing in the same way."

---

Appeal and Error, 4 C. J. p. 1041, n. 32; p. 1043, n. 45.
Licenses, 37 C. J. p. 292, n. 57; p. 293, n. 60; p. 296, n. 86.
New Trial, 29 Cyc. p. 763, n. 25.
Trial, 38 Cyc. p. 1320, n. 48, 52; p. 1705, n. 82; p. 1720, n. 39.

The error assigned is that the defendant was entitled to have the instruction given in the language in which it was submitted. It having been given in the very language in which it was submitted, but with the insertion therein of the language, "and it is 'not insisted in this case that there was a written contract," this assignment of error is without merit.

4. A charge upon the measure of damages, erroneous for any reason, does not require the grant of a new trial where the jury does not award any damages. *Lewis Manufacturing Co.* v. *Davis*, 147 *Ga.* 203 (93 S. E. 206).

5. Where during argument by counsel on the question of admissibility of certain evidence which was sought to be brought out by counsel for the defendant, and was objected to by counsel for the plaintiff, the judge remarked that he did not see its relevancy, but where after discussion he admitted such evidence, such remark was not an expression of opinion by the court as to what had or had not been proved, or the weight of the evidence after it was admitted, and did not invade the province of the jury, though made in their hearing, and does not require the grant of a new trial. *Chattanooga &c. R. Co.* v. *Palmer*, 89 *Ga.* 161 (2) (15 S. E. 34).

6. There is no such variance between the allegations of the petition and the evidence as requires the grant of a new trial; and the verdict is supported by the evidence.

*Judgment affirmed. All the Justices concur.*

No. 6147. DECEMBER 17, 1927.

Equitable petition. Before Judge McLaughlin. Muscogee superior court. June 23, 1927.

Bowers and Woodruff own adjoining tracts of land. The tract of the former has been subdivided into lots for building purposes. The lot of Woodruff is bounded on the west, south, and east by the tract of Bowers. On April 17, 1925, Bowers and Woodruff entered into a parol agreement whereby Bowers, in pursuance of his plan of development of his land, was to open, grade, and make suitable a street through the property of Woodruff, which was to be kept open for the use of the public, and for the benefit of the adjacent property of Bowers and Woodruff. Immediately after said agreement Bowers had a map or plan of his tract made by an engineer, and had it subdivided in pursuance of said plan. He has advertised for sale and has made contracts for the sale of lots in said subdivision, with reference to said map or plan. Immediately after said agreement Bowers began the work of opening, grading, and otherwise preparing for street purposes the street, known as Edgewood Drive, which runs through the property of Woodruff. The work has been completed, and the portion of said

street which runs across the property of Woodruff now constitutes a part of Edgewood Drive, and is being used regularly for street purposes. Woodruff knew that said street was being opened and improved through his property, in accordance with said express agreement with Bowers, and made no objection thereto either as to the character of the work, the width of the street, or its contemplated use for street purposes. In opening, grading, and preparing for street purposes that portion of Edgewood Drive which runs through the property of Woodruff, Bowers expended the sum of approximately $1200; and pursuant to said plan of subdivision he has expended approximately $50,000 in opening of streets, laying of sewers, grading of lots and streets, and otherwise improving said property for sale for residential purposes. Disregarding his agreement with Bowers, Woodruff is now threatening and actually preparing to close that portion of Edgewood Drive which runs through his property, by so placing obstructions that it can not be used for street purposes. The closing or obstructing of Edgewood Drive by Woodruff will be in violation of said agreement, will constitute a continuing nuisance, will prevent travel along the street, and stop ingress and egress to and from the lots of Bowers, particularly those lots which front on Edgewood Drive, and will interfere with the entire plan of subdivision of Bowers' property, made in reliance upon said agreement, and will work an injury to Bowers and his adjacent property.

In his petition for injunction and relief against Woodruff, Bowers made the foregoing allegations, and prayed that Woodruff be enjoined from closing or obstructing Edgewood Drive. By amendment Bowers alleged that on or about January 22, 1925, he asked Woodruff if he would consent to the opening of a public street through his land, said street to connect with the streets to be opened by Bowers through his property. Woodruff replied, that, if after he had seen Bowers' plans for the subdivision of his tract he thought it to be to his interest, he would agree for the street to be opened through his property. On April 17, 1925, Bowers, with his engineer and landscape architect, met Woodruff on the land, where the same adjoins the land of the said Woodruff. At said meeting Bowers had with him a preliminary sketch of the subdivision of his tract, which showed the location of a street running east and west across the land of Woodruff; and the engineer

and architect submitted to Woodruff said preliminary sketch for his approval as to the location of the proposed street through his property. Woodruff then stated that the proper place for a street across his property was further north of the location shown on the preliminary sketch, at a ravine on the place of Woodruff. Final plans for Bowers' subdivision were then drawn, which showed the street running through the property of Woodruff as located at the identical place so directed by him. The expense of constructing the street through the property of Woodruff was not discussed between him and Bowers, but on May 31, 1925, Bowers stated to Woodruff that the expense of constructing said street would be lessened if the work were done by Bowers in connection with the work of grading and improving his property, and that he would keep a record of all expenses of constructing said street. Woodruff then said, "Go to it." The final plan of the engineer for the subdivision of Bowers' tract of land was made on or about May 25, 1925; and the actual work of grading, opening of streets, laying of sidewalks, construction of sewers, and subdivision of the tract was begun on or about July 1, 1925, and completed on or about April 26, 1926. Bowers began the work of opening, grading, and preparing for use said street through the property of Woodruff on or about September 9, 1925, and continued the work until its completion on or about February 1, 1926. The street was opened and improved through Woodruff's property in accordance with said agreement of April 17, 1925, in that the street was located at the identical place directed by Woodruff.

The defendant demurred to the petition upon the grounds: (a) that it sets forth no cause of action; (b) that it does not set forth anything which entitles the plaintiff to the relief prayed; (c) that it affirmatively shows that it is founded upon a conclusion of the pleader, without sufficient facts to support it; (d) that the petition shows affirmatively that petitioner is a trespasser upon the lands of defendant, and is seeking to appropriate to his and the public use the land of defendant without compensation; and (e) that the petition fails to set forth the terms and conditions of said alleged agreement. The defendant demurred specially upon the grounds: (a) that the allegation that petitioner and the defendant entered into a parol agreement was a mere conclusion, without facts to support it; (b) that it is not alleged at whose

expense said street was to be opened; (c) that it does not allege the terms and conditions of said agreement; (d) that the date of said agreement is not alleged; (e) that the allegation that petitioner, immediately after said agreement, began to open said street, is too indefinite; (f) that no consideration or benefit to defendant is alleged, and it is not alleged what act or thing under said agreement was to be performed by the parties thereto; (g) because the petition fails to allege how or wherein the defendant was in anywise responsible for petitioner's alleged expenditures of money in the opening of said street; (h) that the petition fails to show how the closing or obstructing of the street would be in violation of said agreement with petitioner, when its terms and conditions are not set forth; (i) that the allegation that the closing or obstructing of said street will constitute a nuisance is a conclusion of the pleader, without facts to support it; and (j) that the petition fails to allege that there is no other means of ingress and egress to and from the lands of petitioner. The court overruled the demurrer, and the defendant excepted.

In his answer Woodruff denied that he had consented to the opening of the street, claimed that Bowers had trespassed upon his property, and asked damages in the sum of $30,000. The jury returned a verdict in favor of the plaintiff. The defendant made a motion for new trial, upon general and special grounds. The court overruled the motion, and the defendant excepted.

*McCutchen, Bowden & Gaggstatter,* for plaintiff in error.
*Worsley & Flournoy,* contra.