## DICKEY *v.* YARBROUGH.

No. 12198. MAY 11, 1938.

*R. Lee Moore,* for plaintiff in error.

*L. P. Strickland* and *D. A. Bragg,* contra.

HUTCHESON, Justice. T. F. Yarbrough brought suit against L. F. Dickey, making substantially the following allegations: Plaintiff and defendant are adjoining landowners of described lands in a certain land district in said county. There is a pond on the lands of the plaintiff, and a ditch leads from the pond extending over the land of the defendant. In April, 1934, when the plaintiff was a tenant on the lands he now owns, purchased in December 1934, permission was granted him by the defendant to open the ditch for the purpose of draining the pond, and in reliance upon the permission granted plaintiff expended the sum of six dollars in cleaning out the ditch. The defendant is threatening to close the ditch, and has actually placed obstructions therein, and with a large stick threatened and ran away persons sent by the plaintiff upon the land of the defendant for the purpose of cleaning out the ditch, and has threatened, cursed and abused the plaintiff. If the ditch is closed water will accumulate on the land of plaintiff and make a number of acres unfit for use and cultivation, to his injury and damage. He has no adequate remedy at law. He prays for injunction to prevent the defendant from placing further obstructions in the ditch, from interfering with the plaintiff in his attempts to keep the ditch open and using the same, and from abusing petitioner and inflicting bodily harm upon him. The defendant's demurrer to the petition, on the ground that it set forth no cause of action, was overruled. The answer denied the material allegations of the petition. On the trial the evidence was conflicting. The jury returned a verdict for the plaintiff. A motion for new trial was overruled, and the defendant excepted, assigning error on that ruling and on the overruling of the demurrer.

1. "A parol license is primarily revocable at any time, if its revocation does no harm to the person to whom it has been granted; but is not revocable when the licensee has executed it and in so doing has incurred expense. In such case it becomes an easement running with the land." Code, § 85-1404; *Brantley* v. *Perry,* 120 *Ga.* 760 (48 S. E. 332); *Woodruff* v. *Bowers,* 165 *Ga.* 408 (140 S. E. 844).

2. Where such a parol license is for the opening and use of a ditch on the land of the licensor for the purpose of draining a pond on the land occupied by the licensee as a tenant, the fact that the licensee is a tenant, and not the owner of the land on which the pond is located, does not prevent the license from becoming irrevocable upon the licensee executing the license and incurring expense in so doing, at least so long as the licensee continues to exercise the license granted; and whether or not the license granted in such instance is only personal to the licensee, or is appurtenant to the land, if the licensee subsequently purchase the land, the license in either event remains irrevocable for his benefit.

3. The petition set forth a cause of action as against the demurrer, and the court did not err in so ruling.

4. The evidence was sufficient to authorize the verdict; and the other grounds of the motion for new trial being without merit, the court did not err in overruling the motion.

*Judgment affirmed. All the Justices concur.*