WATERS *v.* BAKER *et al.*

No. 13221.   APRIL 11, 1940.

188

*R. Earl Camp,* for plaintiff in error.

*Blackshear & Blackshear* and *Jones, Jones & Sparks,* contra.

DUCKWORTH, Justice. The point of controversy here involved is the use of that portion of lots 4 and 5 in the town of Danville on which is constructed the spur-track from the main line of the railroad company to the place of business of the plaintiff lumber company. The fact that title to these lots was held by Johnston in 1920, when the track was constructed, and was acquired by the

defendant Waters by deed from Johnston in 1928 is proved without dispute. These facts, in the absence of other evidence, would establish the unquestioned right of possession and use in Waters. As against these facts, the evidence shows that Johnston gave his consent, without limitation as to time and without reservation of any kind, to building this railroad-track, which entailed expense. This construction was made by Danville Lumber Company and the railroad company on terms between themselves set forth in an agreement executed by them on December 23, 1920. While the lumber company reimbursed the railroad company for the money spent in building this particular track, the railroad incurred other expenses by reason thereof, in rearranging other spur-tracks owned and operated by the railroad in the town of Danville. By virtue of the agreement between the lumber company and the railroad company, both had an interest in the construction and operation of the spur-track, and it was a joint enterprise of both; and in view of this fact it makes no difference whether only one or both bore the necessary expenses thereby incurred. These facts show a parol license from the owner of the land, and an expenditure of money by the licensee in execution of the license. While such license was revocable at will before its execution and before expense was incurred by the licensee, yet the evidence shows that it was not so revoked, and that no attempt at revocation was made before the expenditures were made. Under this state of facts, the Code, § 85-1404, is applicable and controlling in fixing the rights of the parties to the use of the premises. The parol license has become an easement running with the land. This question was dealt with in *Sheffield* v. *Collier*, 3 *Ga.* 82, where B agreed that A might erect a mill on A's half of a tract of land, and cut as much timber off of B's adjoining land, and overflow as much of B's land, as might be necessary for that purpose. Afterwards B sold to C, who expressly agreed with A to abide by these stipulations which B exacted of him before he would sell. After the dam was partly constructed and timbers collected for building the mill, C sold to D, who notified A to discontinue the work, and upon A's refusal D brought his action of trespass for the overflow of the land. It was held that "under the circumstances the action could not be maintained, and that the original parol agreement could not be revoked after it had been executed at the defendant's expense."

The facts there involved the same principles that are involved in the present case. Johnston agreed with the lumber company and the railroad company that they could construct the railroad-track over the land here involved. The track was constructed by them in accordance with this agreement. Thereafter Waters bought the land from Johnston, and gave notice to discontinue the operation of the track. The ruling in *Sheffield* v. *Collier,* supra, is applicable to and controlling on the issue in this case. It was adhered to in *Mayor &c. of Macon* v. *Franklin,* 12 *Ga.* 239; *Baker* v. *McGuire,* 53 *Ga.* 245; *Southwestern Railroad* v. *Mitchell,* 69 *Ga.* 114; *Ainslie* v. *Eason,* 107 *Ga.* 747 (33 S. E. 711); *Hiers* v. *Mill Haven Co.,* 113 *Ga.* 1002 (39 S. E. 444); *Monroe* v. *Estes,* 139 *Ga.* 729 (78 S. E. 130); *Woodruff* v. *Bowers,* 165 *Ga.* 408 (140 S. E. 844); *Miller* v. *Slater,* 182 *Ga.* 552, 558 (186 S. E. 413); *Dickey* v. *Yarbrough,* 186 *Ga.* 120 (197 S. E. 234). As to notice of subsequent owners, see *Rome Gas-Light Co.* v. *Meyerhardt,* 61 *Ga.* 287; *Hogan* v. *Cowart,* 182 *Ga.* 145 (3) (184 S. E. 884).

While it was asserted by the plaintiff in error that the railroad was built with the consent of his predecessor in title, and that this consent was limited by the proviso that it should stand until notice was given of its revocation, yet there was no evidence on the trial to sustain this averment, and all the evidence produced disproved it and showed that the agreement was unlimited and without reservation. The uncontradicted evidence also showed that by proper written assignments and conveyances the plaintiff succeeded to the rights and interests of Danville Lumber Company in the easement. The answer as well as the evidence showed an intention on the part of the defendant to interfere with the use and enjoyment of the spur-track over his land, unless restrained.

Neither the pleadings nor the evidence involved questions of written title or of title by prescription. Such titles are expressly disclaimed by the railroad company. Consequently the Code, §§ 85-402, 85-409, and the cases of *LaRoche* v. *Falligant,* 130 *Ga.* 596 (61 S. E. 465), *City of Atlanta* v. *Georgia Railroad & Banking Co.,* 148 *Ga.* 635 (98 S. E. 83), *First Christian Church* v. *Realty Investment Co.,* 180 *Ga.* 35 (178 S. E. 303), and *Frazier* v. *Lee,* 180 *Ga.* 385 (178 S. E. 722), all dealing with the question of title by prescription, cited by the plaintiff in error in his brief, have no application to the issues in this case. The evidence de-

manded the verdict as directed, and the judgment overruling the motion for a new trial was not erroneous for any reason assigned.

*Judgment affirmed. All the Justices concur.*