TILLMAN et al *v.* MAYOR &c. OF ATHENS.

No. 16872. November 16, 1949. Rehearing denied December 1, 19, 1949.

*John L. Green, Howell C. Erwin Jr.,* and *James Barrow,* for plaintiffs.

*Robert G. Stephens Jr., Carey Skelton,* and *A. S. Skelton,* for defendant.

HEAD, Justice. The authority of municipalities and cities of this State to accept donations and act as trustee in certain instances was granted by an act of the General Assembly of 1892 (Ga. L. 1892, p. 104), now Code §§ 69-501 and 69-502. Section 69-501 provides: "All incorporated towns and cities are authorized to receive any donations or gifts of real or personal property which may be made to them by deed of gift, will, or otherwise, and subject. to such conditions as may be specified in the instrument giving or donating the property, if the governing body of such town or city shall approve of such coditions."

The governing body of a municipality receiving a gift must approve the conditions imposed by the persons making the gift. This is the sole restriction of § 69-501. It necessarily follows that any condition might be imposed that would not conflict with either the constitutional or general law of the State. If the construction of "civic hall" in the manner alleged in the petition should be construed as a gift to the· City of Athens, with the condition or limitation that it should be used by civic groups and as a meeting place for the citizens of Athens, such condition or limitation is not shown by any allegation of the petition to violate any constitutional or statutory law. The judgment of the trial court sustaining the general demurrer of the defendant and dismissing the petition, appears, however, to have been limited to the proposition that "the plaintiffs are not one of those for whom the defendant is authorized to act as trustee . . [and] the court is without authority to grant the relief sought."

The Code, § 69-502, is as follows: "The incorporated towns and cities may act as trustees under any conveyance or will donating or giving property for charitable or eleemosynary purposes." The Constitution of 1877, art. 7, sec. 6, par. 1, limited

appropriations of money by municipal corporations to purely charitable purposes. The Code, § 108-203, enumerates proper subjects of charity, one of which is stated in the following language: "Other similar subjects, having for their object the relief of human suffering or the promotion of human civilization." Civilization, as applied to human society, designates an advanced state of material and social well-being. Webster's New International Dictionary (2d ed.), p. 493.

It is alleged in the petition that the purpose of the Chamber of Commerce of the City of Athens is to promote the material well-being of the citizens of Athens. If "the promotion of human civilization" is a proper subject-matter of charity, as declared by the Code section cited, the City of Athens would not be prohibited from acting as trustee and holding the legal title to "civic hall" for the use and benefit of the Chamber of Commerce, civic groups, and citizens of the City of Athens. Such a rule would not conflict with *Atlanta Chamber of Commerce v. McRae*, 174 *Ga.* 590 (163 S. E. 701), which affirmed the grant of an injunction prohibiting Fulton County from making a donation to the Atlanta Chamber of Commerce, since such a donation would be an expenditure of county funds for a purpose not authorized by the Constitution and laws of this State.

The foregoing expresses purely views of the writer and in no sense is to be construed as a ruling by this court. Our decision in the present case is controlled by statutes and decisions applicable to the dedication of lands by the owner for public use.

"If the owner of lands, either expressly or by his acts, shall dedicate the same to public use, and the same shall be so used for such a length of time that the public accommodation or private rights might be materially affected by an interruption of the enjoyment, he may not afterwards appropriate it to private purposes." Code, § 85-410.

Under the law of dedication, a State or any political subdivision thereof may dedicate lands to a particular public use. *City of Abbeville* v. *Jay*, 205 *Ga.* 743 (55 S. E. 2d, 129); 16 Am. Jur. 356, § 13; U. S. *v.* Illinois Central Railroad Co., 154 U. S. 225. In this case it is alleged that on July 3, 1935, the City Council of the City of Athens adopted a resolution, which reads in part as follows: "I move that Council grant request

of Chamber of Commerce to be allowed to place its Civic Hall at Corner of City Hall Lot as outlined in application. It being understood that the property with improvements thereon is to be used by the Chamber of Commerce for the purpose mentioned and that no title thereto is conveyed to that body, but that they will have uninterrupted control of the property for the purpose mentioned for a period of at least three years. . . It [Civic Hall] will continue to be the permanent home of the Athens Chamber only, but all other Civic and Business Groups and Clubs will be invited to hold their business and civic meetings in the building."

In the early case of *Mayor &c. of Macon* v. *Franklin,* 12 *Ga.* 239, the rules of law applicable to dedication were clearly stated, and these rules have been continuously followed. *City of Abbeville* v. *Jay,* supra. In addition to the rules quoted from *Mayor &c. of Macon* v. *Franklin,* supra, in *City of Abbeville* v. *Jay,* supra, there are two additional rules in the former case applicable to the facts in the present case: "1. A license or liberty attached to real estate must generally be made by grant, and when made by parol is revocable, unless the enjoyment of it is preceded necessarily by the expenditure of money, and the grantee has made improvements, and invested capital in consequence of it. And in that event he occupies the position of a purchaser for value. . . 12. The minutes of the City Council, showing the adoption of a report of a committee of that body, in which it is stated that certain lands had been previously pledged by the City as a public reserve: Held, to be admissible to prove the ratification of the previous dedication, and that the adoption of such report is itself a dedication."

The minutes of the Mayor and Council of the City of Athens are sufficient to prove ratification of a previous parol agreement dedicating certain lands owned by the City of Athens to a particular public use. If it should be made to appear that there was no express ratification of a parol dedication of the particular lands of the city, this would not defeat the rights of the Chamber of Commerce, for it is alleged that they contributed money, and that other money was contributed by various groups and organizations of the City of Athens for the erection of "Civic Hall," and that the money was used for this purpose. The rule

that a parol license is revocable would not apply in this instance, and applies in no case where the enjoyment of a parol license must be preceded by the expenditure of money and the grantee has invested capital in consequence thereof.

In *Mayor &c. of Macon* v. *Franklin*, supra, in the body of the opinion, at page 244, it was held: "When lands are dedicated, and are enjoyed as such, and rights are required [acquired?] by individuals in reference to such dedication, the law considers it in the nature of an estoppel in pais, which precludes the original owner from revoking it. . . The proprietor is still the owner of the fee and can alien that, or maintain an action for an injury done to the freehold; but the use in the public follows the fee wherever it may go."

The erection of a civic hall as a meeting place for civic groups and for citizens generally is unquestionably a public purpose. But if this were not true, and if the Athens Chamber of Commerce were only a licensee, the City of Athens could not revoke the rights heretofore granted. In *Brantley* v. *Perry*, 120 *Ga.* 761 (48 S. E. 332), it was held: "When the licensee, on the faith of a parol license from the owner of the fee, expends money and erects valuable and permanent improvements necessary to enjoy the license, he acquires an irrevocable right to all the privileges included in the license." See *City Council of Augusta* v. *Burum*, 93 *Ga.* 68-74 (19 S. E. 820).

In *Woodruff* v. *Bowers*, 165 *Ga.* 408 (140 S. E. 844), it is said that a licensee who, in the enjoyment of a parol license, necessarily expends money, becomes a purchaser for value. In *Waters* v. *Baker*, 190 *Ga.* 186 (8 S. E. 2d, 637), it was held: "Although a parol license for the use of land is revocable at any time if its revocation does no harm to the licensee, yet where the licensee has executed it and in so doing has incurred expense, it is irrevocable and becomes an easement running with the land."

In the present case, it appears that the erection of the civic hall in the City of Athens was brought about on the representation that such hall would be a continuous meeting place for the Chamber of Commerce and other civic groups located in the city. Reverting to the language of *Mayor &c. of Macon* v. *Franklin*, supra, it would be bad faith to the public and bad faith to the

individual contributors to permit a revocation of the use of such building.

The court erred in sustaining the general demurrer and in dismissing the petition.

*Judgment reversed. All the Justices concur, except Atkinson, P. J., who dissents. Duckworth, C. J., concurs in the judgment only.*