## 22820. BELL INDUSTRIES, INC. v. JONES.

ARGUED FEBRUARY 8, 1965—DECIDED MARCH 3, 1965.

*Harry T. Lawrence, Cohen, Kohler & Barnwell, Donald A. Weissman,* for plaintiff in error.
*Fullbright & Duffey, Henry L. Fullbright, Jr.,* contra.

HEAD, Presiding Justice. C. M. Jones sought to enjoin Bell Industries, Inc., from flowing industrial waste and sewage onto his property. The defendant is an adjacent property owner operating a plant where rugs and carpets are manufactured. The petition stated that the defendant claims the right to pass

industrial waste onto the petitioner's land under an easement granted by him to the predecessor in title of the defendant. It is asserted that if the defendant had any right to discharge laundry waste water on the petitioner's property by the easement, it has forfeited its right by greatly increasing the volume of harmful dye refuse and liquid latex which is being discharged.

The defendant in its answer asserted that it has a valid and binding easement to discharge its waste water on the petitioner's land, and that its predecessor in title, C. M. Jones & Company, obtained a parol license from the petitioner, which ripened into a valid easement when the company expended large sums of money in consequence of the license.

At the interlocutory hearing the trial judge temporarily restrained the defendant "from directly or indirectly depositing, dumping, flowing or permitting to flow upon lands of the plaintiff any harmful chemicals, dyes, lint, latex, laundry waste, or any other industrial waste or refuse, or effluent and sewage." The exception is to this order.

"The grant or refusal of an interlocutory injunction rests in the sound legal discretion of the trial judge, according to the circumstances of each case (*Code* § 55-108); and where the evidence is conflicting, his discretion will not be controlled, unless it is apparent that he has abused it. *Jones v. Lanier Development Co.*, 188 Ga. 141, 145 (1) (2 SE2d 923), and cit. But the rule that the Supreme Court will not interfere with the discretion of the trial judge in granting or refusing an interlocutory injunction where the evidence is conflicting does not apply when the question to be decided by him is one of law. *Washington National Ins. Co. v. Mayor &c. of Savannah*, 196 Ga. 126 (26 SE2d 359)." *Sirota v. Kay Homes Inc.*, 208 Ga. 113 (65 SE2d 597); *Danielsville & Comer Telephone Co. v. Sanders*, 209 Ga. 144 (1) (71 SE2d 226).

In the present case a finding by the trial judge that the defendant was maintaining a nuisance on the property of the petitioner was only the preliminary step to the real question in the case, whether or not the defendant had the right to maintain the nuisance. This was a question of law necessary to a proper decision as to the granting or refusing of an interlocutory injunction.

Under the testimony of the petitioner, he was the president of C. M. Jones & Company until 1961, when he sold his interest in the company. On cross examination he admitted that while he was president of C. M. Jones & Company he permitted the company to install the pipe on his land which carried the industrial waste from the manufacturing plant, and that the company paid for the pipe and the labor in installing it. Counsel for the defendant asked the petitioner the question: "Now all of the excess dye waters, that excessive salt and so forth that did not go into the product, went down through this pipe that the company constructed and on down through your property, didn't it?" The petitioner replied: "With my permission." Counsel then asked: "In other words, in exactly the same manner that is being done now, as far as the route is concerned?" The petitioner responded: "There are different people doing it."

"A parol license is primarily revocable at any time, if its revocation does no harm to the person to whom it has been granted; but is not revocable when the licensee has executed it and in so doing has incurred expense. In such case it becomes an easement running with the land." *Code* § 85-1404; *Johnson v. Bemis*, 3 Ga. 82; *Woodruff v. Bowers*, 165 Ga. 408 (1) (140 SE 844); *Dickey v. Yarbrough*, 186 Ga. 120 (197 SE 234).

By parol license the petitioner had permitted C. M. Jones & Company to dispose of its industrial waste by means of a pipe which extended for some distance on the land of the petitioner and thereafter discharged waste water on the land of the petitioner. After the company had expended money on the faith of this parol license, the petitioner could not revoke the license, and it became an easement running with the land. It was such an easement as could be claimed by a subsequent owner of the manufacturing plant. *Winham, King & Aldridge v. McGuire*, 51 Ga. 578 (2); *Baker v. McGuire*, 53 Ga. 245 (1); *Cherokee Mills v. Standard Cotton Mills*, 138 Ga. 856 (76 SE 373).

In addition to the rights acquired by the defendant under the executed parol license, the petitioner granted an easement to C. M. Jones & Company on December 8, 1961, at the time he sold his stock in the company. This easement was executed with the formality of a deed, and provided as follows: "In con-

sideration of the sum of One Dollar and other valuable consideration the undersigned, C. M. Jones, does hereby grant and convey unto C. M. Jones & Company the right to run laundry waste water over Land Lots Nos. 276 and 277, in the 14th District and 3rd Section of Gordon County, Georgia, in such a way and manner as to conform with specifications of the County Health Department, and at such locations and in such manner as may be agreed upon by the parties hereto." The term "laundry waste water" in this grant is broad enough to cover the water containing industrial waste which the petitioner complained of in his action. It was stipulated by the parties that at the time of the hearing the defendant was not causing any sewage to flow on the land of the petitioner.

The written grant is indefinite as to the location of the easement on the lands of the petitioner. However, at the time it was executed the place for the disposal of the laundry waste had been established by permission of the petitioner under the parol license, and the testimony of the petitioner showed that the defendant was disposing of its industrial waste at the place established by its predecessor in title with the permission of the petitioner. In the absence of any showing that the parties had agreed on a different location after the execution of the written grant, the defendant would be entitled to claim the easement in existence at the time of the execution of the written grant. Compare *Ainslie v. Eason & Waters,* 107 Ga. 747 (33 SE 711).

There is some conflict in the evidence as to whether or not under the present operation of the manufacturing plant the volume of industrial waste is larger than it was when the predecessor in title of the defendant was permitted by the petitioner to install the pipe on his land for the disposal of the waste water of the plant. The present case does not involve a mere prescriptive right to maintain a nuisance such as was dealt with in *Loughridge v. City of Dalton,* 166 Ga. 323 (143 SE 393). The written grant recites that the petitioner received a valuable consideration for the right granted. This grant does not limit the quantity of "laundry waste water" which the manufacturing plant could discharge on the property of the petitioner, nor does it provide that the right may not be transmitted to a subsequent owner.

Counsel for the petitioner (defendant in error here) assert that if the defendant had any right under the written grant, "it would have been outlawed since July of 1964, under our Water Pollution Statutes." We assume that counsel refer to the Act entitled, "Georgia Water Quality Control Act;" approved March 11, 1964 (Ga. L. 1964, pp. 416-436, *Code Ann. Supp. Ch.* 17-5). This Act does not undertake to alter the general rules of law in regard to private nuisances, and will neither aid nor hinder a private individual in an action to enjoin a nuisance.

The trial judge failed to give effect to the rules of law governing the right to acquire an easement on the land of another by parol license and by written grant, and erred in granting the interlocutory injunction.

*Judgment reversed. All the Justices concur.*