54329. BARTON et al. v. GAMMELL et al.

WEBB, Judge.

This is an appeal[1] from a declaratory judgment that two agreements executed and recorded ancillary to the

---

[1] Transferred here by the Supreme Court. *Barton v. Gammell,* 238 Ga. 643.

sales of lots to the two sets of plaintiffs conveyed to them easements, rather than revocable licenses or personal uses, in the defendants' remaining property. The two agreements are identical for all practical purposes, and we select the pertinent provisions of the Gammell instrument for illustration:

"For and in Consideration of the said First Parties conveying to Second Party a tract of land containing .56 acres in Land Lot 57, 10th District of Newton County, Georgia and the Second Party paying said purchase price, it is further agreed:

"1. That the First Parties either have or will construct a lake on said premises and the First Parties shall have lake privileges.

"2. That said Second Party shall have the use of 2 acres of land for gardening purposes in a community garden to be set aside by said First Parties.

"3. The said First Parties are to set aside 10 acres for a community pasture and the Second Party is to have the use of said community pasture."

Plaintiffs contend that these agreements conveyed to them easements appurtenant to the lots they purchased, while the defendants contend that the rights to use the amenities thereby created are only personal, revocable rights of the individual purchasers and do not run with the land.

The trial court upheld plaintiffs' position, and defendants appeal. We affirm.

1. Defendants' position in this dispute would, if correct, make trespassers out of plaintiffs' future successors in title, not to mention present family members other than the grantees, who use the facilities. Yet for reasons not readily apparent defendants contend that this is not a proper case for declaratory judgment. We think it obvious that plaintiffs are in need of a declaratory judgment to relieve them from the risk of taking future undirected action with respect to the use and sale of these rights, and defendants' contentions in this regard are without merit.

2. Nor do we find well-founded defendants' contentions with respect to the nature of the rights conferred by the agreements.

(a) "It is said to be difficult to distinguish an easement from a license in real property, but they are distinct in principle. An easement always implies an interest in the land in and over which it is to be enjoyed, whereas a license merely confers a personal privilege to do some act or acts on the land without possessing any estate therein. Furthermore, an easement can be created only by grant, or by implication on prescription, each of which presupposes a grant, whereas a license may be created by parol or by an act of the licensor sufficient to show his assent." 25 AmJur2d 419, Easements & Licenses, § 3.

"A license is distinguishable from an easement in that it is a mere permissive use, generally in parol and revocable" (Pindar, Georgia Real Estate Law 303, § 8-7; accord: Code Ann. § 85-1404), while an easement created by agreement constitutes an interest in land requiring a writing within the statute of frauds, and subject to the rules governing the construction of deeds. *Jenkins v. Brown,* 48 Ga. App. 480, 483 (173 SE 257) (1934); *Chapman v. Gordon,* 29 Ga. 250, 254 (1859); *Cook v. Pridgen,* 45 Ga. 331 (1872).

(b) But an easement may exist not only as one appurtenant to a dominant estate, and running with it, but also "in gross," i.e., as a personal right and not running with the land on the benefit side. *Stovall v. Coggins Granite Co.,* 116 Ga. 376, 378 (42 SE 723) (1902); *Featherston Mining Co. v. Young,* 118 Ga. 564 (45 SE 414) (1903).

(c) Thus we come to the crux of the matter — do the agreements here create an interest in land which will pass by operation of law with conveyances of the land, both as a burden upon the servient tenement and a benefit to the dominant tenement, or do they create only personal rights, revocable or otherwise?[2] They were executed and recorded in conjunction with the sales of the lots to plaintiffs and the execution and recording of the original

---

[2] An implied gratuitous license is revocable at any time. *(Fluker v. Ga. R. Bkg. Co.,* 81 Ga. 461 (2) (8 SE 529) (1888)), while one in writing for value is not. *Harrell v. Williams & Sons,* 159 Ga. 230 (125 SE 452) (1924).

warranty deeds or subsequent corrective deeds, and they are supported by valuable consideration and have all the formalities of a conveyance of an interest in land. In these circumstances they should be construed as conveyances of an interest in land binding upon subsequent grantees. *Jones v. Trulock,* 172 Ga. 558 (158 SE 326) (1931). Moreover, they contemplate dominant and servient tenements, and the rights granted are appropriate and useful adjuncts of the subdivision lots.[3] Hence, in the absence of language clearly showing the intention to create mere personal interests, they must be held to create easements appurtenant (*Stovall v. Coggins Granite Co.,* 116 Ga. 376, supra; *Featherston Mining Co. v. Young,* 118 Ga. 564, supra), capable of passing by operation of law with conveyance of the land, both as a burden upon defendants' remaining land as the servient tenement (*Planters Gin Co. v. Rea,* 146 Ga. 694 (92 SE 220) (1917)), and as a benefit to the plaintiffs' lots as the dominant tenements. *O'Barr v. Duncan,* 187 Ga. 642 (2 SE2d 82) (1939).

A contrary result is not required by the absence of magic words such as "successors and assigns" (*Featherston Mining Co. v. Young,* 118 Ga. 564, supra; *Dept. of Transportation v. Knight,* 238 Ga. 225, 228 (232 SE2d 72) (1977)), nor by the use of words such as "privilege" (*Stovall v. Coggins Granite Co.,* 116 Ga. 376, 380, supra; *Forsyth Corp. v. Rich's, Inc.,* 215 Ga. 333, 338 (110 SE2d 750) (1959)), nor by the fact that title to the dominant tenements may have vested prior to the creation of the easements. *Kiser v. Warner Robins &c. Estates,* 237 Ga. 385, 386 (228 SE2d 795) (1976).[4]

---

[3] See *Walker v. Duncan,* 236 Ga. 331 (223 SE2d 675) (1976).

[4] We have used the term "easement" only in the sense of an interest in land, as opposed to a mere permissive use, or license. We do not hold that the interests are necessarily circumscribed by the term "easement," since rights of profit *à prendre,* or rights to take produce of the land, may well be involved. See, e.g., *Lee v. Mallard,* 116 Ga. 18 (42 SE 372) (1902); *Bosworth v. Nelson,* 170 Ga. 279

A provision in the agreements granting defendants a first refusal on the lots described in the warranty deeds, should plaintiffs desire to sell them, supports no contention of defendants but instead is a further indication that the easements were created appurtenant to the estates conveyed.

3. Defendants contend that the agreements do not comport with the rule that an express grant of an easement, like the conveyance of other interests in land, or contracts for their sale, must contain language sufficient to designate with reasonable certainty the land over which it extends. In similar fashion complaint is made that the court's order is nugatory and fruitless because it fails to describe the part of defendants' lands upon which the easements will operate.

Neither contention shows sufficient cause for reversal. The location and identity of the land affected have never been in dispute, the only controversy being as to the nature of the rights involved. The lake has been constructed and is shown on a plat of the property also showing the dominant and servient tenements, and defendants admitted in answer to interrogatories that the pasture and garden areas have been set apart and defined from their remaining land as described in the interrogatories and that plaintiffs have been using those areas with defendants' active participation and assistance. The rights of third parties are not here involved, and as between the immediate parties "[a]ctual

(152 SE 575) (1930). While the term profit *à prendre* has been discarded and the interest treated as an easement elsewhere (Restatement, Property § 450, special note (1944)), our Supreme Court, altho acknowledging that an easement is an *incorporeal* hereditament and *can* be abandoned (*Winham v. McGuire,* 51 Ga. 578, 582 (3)), nevertheless holds, in splendid isolation, that a profit *à prendre* is a *corporeal* hereditament and, for that reason, *cannot* be abandoned. *Aggregate Supply Co. v. Sewell,* 217 Ga. 407 (122 SE2d 580) (1961), noted at 24 Ga. B. J. 526 (1961/62). The distinction is thus important in this jurisdiction, and we do not mean to prejudge it here.

possession by the purchaser of the property which was the subject-matter of the sale in the writing here under consideration was sufficient to meet the requirement as to an identification of the thing sold. Particularly is this true on general demurrer [or in answers to interrogatories], where the defendant admitted that the property specifically described in the petition [or in the interrogatories and answers thereto] was the property which was the subject-matter of the writing sued on." *Sturdivant v. Walker,* 202 Ga. 585 (3) (43 SE2d 527) (1947). "Even if the description were insufficient for uncertainty or vagueness. . ., the taking of actual possession by the purchaser served to meet the requirement of identity of the thing sold." *Barto v. Hicks,* 124 Ga. App. 472, 473 (1b) (184 SE2d 188) (1971). "Also, the buyers' willingness to accept the house renders immaterial all indefiniteness in its specifications contained in the contract." *Blanton v. Williams,* 209 Ga. 16, 17 (70 SE2d 461) (1952). Moreover, the grant of an easement containing an indefinite description will be upheld where its location has been established by consent of the parties. *Bell Industries v. Jones,* 220 Ga. 684, 687 (141 SE2d 533) (1965).

4. The trial court's alternative holding that an easement resulted by virtue of an executed license (Code Ann. § 85-1404) was error since there was no evidence to support it. However, the ruling is harmless since the finding of easement by express grant was authorized.

*Judgment affirmed. Deen, P. J., and Birdsong, J., concur.*

SUBMITTED SEPTEMBER 6, 1977 — DECIDED SEPTEMBER 22, 1977.

*Strickland & Costley, Charles D. Strickland,* for appellants.

*Campbell & Bouchillon, W. K. Campbell,* for appellees.